### FERGUSON v. JACKSON.*
(No. 2676.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 25, 1923. Rehearing Denied Feb. 15, 1923.)

1. **Breach of marriage promise ⊕⇒3—Action maintainable on promise while plaintiff was wife of another renewed after divorce.**

An action for breach of marriage promise will lie where the original promise to marry was made while plaintiff was suing for a divorce, where renewed after the divorce was granted.

2. **New trial ⊕⇒99 — Refusal to grant new trial held not an abuse of discretion of trial court.**

In an action for breach of promise of marriage, the denial of defendant's motion for a new trial, founded on newly discovered evidence, where the witnesses by whom the evidence would have been given were known to defendant, who had good reason to believe that they knew of evidence of value to him at the time of the trial, and did not call them because they refused to disclose what they knew, in view of the fact that the witnesses were examined in person before the trial court, was not an abuse of discretion, as there was lack of diligence, and the testimony was probably not true.

3. **Appeal and error ⊕⇒981—New trial ⊕⇒99 —Granting a new trial for newly discovered evidence is within discretion of trial court.**

The granting of a new trial because of newly discovered evidence generally rests within the discretion of the trial court, whose judgment should not be disturbed except for abuse of discretion.

4. **Breach of marriage promise ⊕⇒31—$7,500 damages not excessive.**

In an action for breach of promise to marry, where defendant owned property worth from $10,000 to $40,000, and plaintiff was deeply humiliated and disappointed, and suffered mental anguish, a verdict for $7,500, reduced by remittitur from $10,000 in the trial court, was not excessive.

5. **Breach of marriage promise ⊕⇒34—Measure of damages for jury.**

In an action for breach of marriage promise, the measure of damages in general, and for humiliation, disappointment, and mental anguish, is a question for the jury.

Appeal from . District Court, Harrison County; P. O. Beard, Judge.

Action by Lessie Mae Jackson against O. R. Ferguson. From judgment for plaintiff, defendant appeals. Affirmed.

Hall, Brown & Hall and Matt. Cramer, all of Marshall, for appellant.

Davidson, Blalock & Blalock, of Marshall, for appellee.

HODGES, J. [1] This appeal is from a judgment rendered against the appellant for the sum of $7,500 as damages resulting from the breach of a marriage contract. The record shows that the appellee, plaintiff below, is a young woman about 25 years of age, and the appellant is a bachelor over 50 years old. According to the evidence offered by the plaintiff below, the courtship which culminated in the marriage contract began in the early part of 1918, while she resided with her parents on the farm of the appellant. She was at that time a married woman, but had separated from her husband, and was seeking a divorce. The appellant was aware of that fact, and their agreement to marry was made in contemplation that a divorce would be secured. In July, 1918, appellee's application for a divorce was granted, and the former agreement to marry was thereafter renewed and ratified by both parties, according to her testimony. No special date for the marriage was ever fixed, but it was understood that it was to take place when the appellant had time to erect a residence and provide the desired household conveniences. Appellee continued to live on the appellant's farm, and a part of the time kept house for him. Some time during the year 1921 she was told by the appellant that he would not marry her. She then left his premises and found a home with friends at Longview, Tex. The evidence shows that she had no property, and that her parents had practically abandoned her because of the conditions under which she lived on the appellant's place. Appellant owned several hundred acres of land, and the estimates of the value of his property varied from approximately $10,000 to $40,000. The jury in its verdict gave the appellee $10,000, but at the instance of the trial court that sum was reduced by a remittitur to $7,500.

The first question presented in this appeal is what counsel for appellant term a "fundamental error." It is contended that the undisputed facts show that the marriage contract alleged and relied on was made while the appellee was a married woman, and for that reason it was not binding upon either of the parties. While the record shows mutual promises to marry made before the divorce was granted, it also shows a renewal of those promises after the divorce had been secured. The pleadings of the plaintiff below are broad enough to support a judgment founded upon that evidence.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 4, 1923.

[2] The most serious question presented in this appeal is the refusal of the court to grant a new trial on the ground of newly discovered evidence. A day or two before it was acted upon the appellant amended his motion for a new trial and set up newly discovered evidence. In the affidavit attached to the motion he stated that since the trial he had discovered four witnesses whose testimony was previously unknown to him, and who would testify to material facts upon another trial. He says that he "used all diligence and every effort in his power to obtain the said evidence before trial of the cause, but that the witnesses refused to disclose their evidence to the defendant until after the trial of this cause; that the defendant several days before the trial asked all of the above witnesses what they knew about the case, and they and each of them refused to tell defendant what they knew, and the defendant had no way of knowing what they knew relating to the actions and conduct of the plaintiff and her attitude until they swore to the matters set out in the affidavits hereto attached." The attached affidavits were those of three individuals related by blood or marriage to the appellee, and one other person. In substance the newly discovered evidence consisted of statements and admissions made by the appellee in conversations with the witnesses. In one of them it is alleged she said that she did not want Dr. Ferguson, but it was what he owned that she was after, and that she was going to get it before she left. That, in substance, is repeated by two others. A fourth witness stated in his affidavit that she told him before the trial that Dr. Ferguson had never promised to marry her. In addition to filing the affidavits, the witnesses themselves were brought before the trial court and interrogated as to what they knew. They were examined and cross-examined at length, and their oral testimony appears as a part of the statement of facts. With but one exception it substantially accords with that embodied in the affidavits. There does not appear to be any good reason why those witnesses should not have testified to those facts upon the trial. They lived in the same vicinity with the appellant, and he knew each of them personally. He had talked with them about the case, and, according to his affidavit, had inquired if they knew any facts that would be of benefit to him. His excuse for not having them summoned is that they refused to disclose what they knew. It is not denied that the testimony, if true, is material, and it is not claimed by the appellee that it is merely cumulative. The refusal of the court to grant a new trial can be justified upon one or the other of two grounds: One is that the appellant had not used proper diligence, under the circumstances, in sooner discovering and using this testimony; the other is that the testimony was probably untrue, and would not change the result. We are of the opinion that the court might have found that, under the circumstances, the appellant had not used proper diligence. The record justifies the conclusion that he had good reason to believe that each of these witnesses knew something that would be of value to him in the trial of this case. As indicating their friendliness to him some of them had previously furnished him letters which tended to discredit the appellee's testimony concerning the making of the marriage contract. The court had the witnesses before him; he could observe their demeanor, and he had an opportunity to ascertain many details which could not be brought up in the record.

[3] The granting of a new trial because of newly discovered evidence is generally regarded as a matter resting within the discretion of the trial court, and his judgment should not be disturbed except where it appears that he has abused that discretion. Under the peculiar facts of this case we are not prepared to say that in this instance the court did abuse his discretion in refusing the new trial. The assignment will therefore be overruled.

[4, 5] It is further contended that the judgment is excessive. The damages sustained by the appellee is a matter which the jury must determine. As before stated, the estimates of the value of the appellant's property varied. There was ample evidence tending to show that he was a man of some means. But the financial benefits which the appellee might have expected as the result of the marriage were not the only elements that should be considered in awarding adequate compensation. It appears from her testimony that she was deeply humiliated and disappointed, and suffered considerable mental anguish. How much compensation should be awarded for that class of injuries was also for the jury.

Considering the record, in its entirety, we are of the opinion that the judgment should be affirmed; and it is so ordered.