GRACE L. SANCTUARY *vs.* EDWIN F. CARY.

FEBRUARY 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. This is an action in assumpsit for breach of promise to marry. A jury in the Superior Court returned a verdict for the plaintiff and assessed the damages at $15,000. The trial justice granted a new trial and the case is before us on the exceptions of both parties.

The defendant presses his exception to the denial of his motion that a verdict be directed in his favor and the plaintiff's exception is to the action of the trial justice in granting a new trial.

The parties first met when the plaintiff in January, 1923, went to see the defendant about a position as stenographer. A few days later she went to work for the defendant as substitute stenographer and clerk. She testified that within a month the defendant manifested an interest in her and her affairs. Both parties were at that time married but they were not then living with their respective spouses. The defendant's wife had commenced divorce proceedings against him and the plaintiff had not lived with her husband for several years. The defendant was free to marry early in April, 1924, and the plaintiff obtained a final decree of divorce from her husband July 7th of the same year.

Plaintiff in her declaration alleges: "For that said defendant from the, to-wit, 7th day of March A. D. 1923 courted and espoused the said plaintiff, and on the, to-wit, 15th day of April A. D. 1923 at Smithfield, Rhode Island, and on divers other times besought the hand of the plaintiff in marriage when and as soon as a divorce case in which he was the respondent was finally disposed, namely, on the 5th day of April A. D. 1924, and on divers other dates, in consideration that the said defendant (sic.) on the, to-wit, 26th day of July A. D. 1924 at said Smithfield then and there undertook and faithfully promised the said defendant to marry him and the said defendant then and there undertook and faithfully promised the said plaintiff that he would be

joined to her in lawful matrimony on the, to-wit, 15th day of January A. D. 1925."

The testimony of the plaintiff follows the allegations of the declaration. She testified as to a number of times when the subject of marriage was discussed prior to July 7, 1924 and particularly on April 15, 1923 and that on July 26, 1924, when both were free to marry, the date of the marriage was set for January 15, 1925, when they were to start on a trip around the world.

After the plaintiff had rested there was a conference in the office of the trial justice. What transpired there is not a part of the record but the plaintiff was recalled and after giving more details as to the promise of marriage alleged to have been made on July 26, 1924, was asked on cross-examination: "Q. Just one or two questions, Mrs. Sanctuary. Whether it was on the 26th day of July, 1924, or September 7, 1924, or September 27, 1924, or November 26, 1924, that Mr. Cary spoke of marriage to you, you went back to the promise which he had made at the camp on Sunday, April 15, 1923? A. I did not go back to that proposal of April 15, because at that time there was an understanding between us that when we were both legally divorced that he would repeat his proposal and give me a ring, and then he would make arrangements to go around the world, and it was the proposal of July 26, 1924, that I relied absolutely on, because that was the time that we were both absolutely free and we could make final arrangements to go around the world."

It is the contention of the defendant that the plaintiff seeks to recover on a contract which is invalid because it is predicated upon a promise made when the parties were incapable of entering into a binding contract to marry. It is clear that a contract to marry is invalid if made when one or both of the parties is married and both have knowledge of this fact. *Noice* v. *Brown*, 39 N. J. L. 133; *Rich* v. *Fulton*, 104 Neb. 262; *Paddock* v. *Robinson*, 63 Ill. 99. The defendant urges that, even though there was a promise of

marriage on July 26, 1924, it relates back to the alleged promise of April 15, 1923, and for that reason is unenforceable. No case has been called to our attention which supports this view. The fact that parties, situated as these parties were, agreed to marry when they were free so to do, does not preclude them from renewing the promise after the disability was removed and thus enter into a binding agreement to marry. 9 C. J. 325; 47 A. L. R. 400; *Smith* v. *McPherson*, 176 Cal. 144; *Ferguson* v. *Jackson*, 248 S. W. 66 (Tex.); *Leeman* v. *Thompson*, 43 Wash. 579; *Morgan* v. *Muench*, 181 Iowa, 719. The defendant's exception to the denial of his motion for a directed verdict is overruled.

The plaintiff's exception is to the granting of a new trial. She contends that the grounds on which the trial justice granted a new trial fall within the provisions of Section 12, Chapter 348, General Laws, 1923, which forbid granting a new trial on the ground of error of law occurring at the trial. *Mingo* v. *R. I. Co.*, 42 R. I. 543; *Greene* v. *R. I. Co.*, 38 R. I. 17.

We do not so interpret the rescript. After disposing of the question as to the amount of the verdict, the trial justice said: "The troublesome question is: Has the plaintiff by a fair preponderance of the evidence established her right to recover?"; and again, "On returning to the court room, the plaintiff was recalled and testified in direct examination that she was relying on the promise alleged to have been made on July 26, 1924, and not on the alleged promise of April 15, 1923. If this evidence had been undisputed it would be entitled to stand, but having been forcefully contradicted, its truth is held to be doubtful, and to have been given to surmount an undeniable obstacle to recovery." We understand that the trial justice meant by this that the plaintiff had failed to make out her case by a fair preponderance of the evidence and after an examination of the transcript we cannot say that it clearly appears that the conclusion of the trial justice is erroneous. *Wilcox* v. *R. I. Co.*, 29 R. I. 292; *McMahon* v. *R. I. Co.*, 32 R. I. 237;

228

*Noland* v. *R. I. Co.*, 30 R. I. 246; *Normandin* v. *Parenteau*, 150 Atl. 460 (R. I.).

Later in his rescript the trial justice, after quoting the testimony of the plaintiff above set forth, said: "It seems to the Court that there can be but one interpretation of this answer: that on April 15, 1923, the parties agreed that a proposal would be repeated after the parties had been divorced. Assuming that a proposal was made on July 26, 1924, it was carrying out the agreement that had been made on April 15, 1923, when neither party could legally make such an agreement. It is not a new proposal separated from the old illegal agreement, but, on the contrary, an attempt to carry out the understanding of the prior void agreement which, from its nature, can not be ratified by some subsequent action." The plaintiff urges that the trial justice has applied one rule of law in his instruction to the jury and a different rule in passing upon the motion for a new trial. The trial justice has in the first part of his rescript given a valid reason for granting a new trial and we will not direct a reversal because he has given an additional reason for his action based on an erroneous view of the law.

Both the plaintiff's and the defendant's exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*John P. Beagan, John J. Richards*, for plaintiff.

*Comstock & Canning, Edward M. Brennan, Cooney & Cooney, Thomas F. Cooney*, for defendant.