## SYLVESTER PADDOCK

*v.*

## CATHARINE ROBINSON.

1. MARRIAGE—*promise of—evidence.* On the trial of an action for breach of promise to marry, the court below permitted the plaintiff to prove promises of marriage made at a time when both parties were married and known to be so by each other: *Held,* that the court erred in admitting such testimony.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. POLLARD & PHILLIPS, and Mr. H. E. DUMMER, for the appellant.

Messrs. KETCHAM & GRIDLEY, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for a breach of promise of marriage. On the trial the court, against the objection of defendant, permitted the plaintiff to prove promises of marriage made at a time when both parties were married and known to be so by each other. We can not understand how an action can be maintained on such a promise. It can not be performed except upon the death or divorce of the husband of the one party, and the wife of the other; and to hold that it is valid because it may be performed in such a contingency, would be to introduce into social life a dangerous and immoral principle. Only in the most corrupt condition of society could such agreements be tolerated as lawful. They are, in themselves, a violation of marital duty, and the persons who make them are morally unfaithful to the marriage tie. A contract

so deeply at war with the best interests of social life, and which can neither be proposed on the one side nor listened to on the other without a consciousness of moral wrong—a contract, too, incapable of performance except upon a contingency so remote as not to be expected, and which it is a sin to anticipate for such a purpose—such a contract should certainly not be recognized as valid in a court of justice.

We find no case in which this question has been expressly decided. Counsel for appellee cites Chitty on Contracts, 587, where it is said that the promise of a married man to marry within a reasonable time is not void, although he was married at the time of making such promise, because his wife might have died within such reasonable time. But on examining the authorities on which the text is based, and which are cited by the author, namely, *Wild* v. *Harris*, 7 C. B. 999, and *Millnard* v. *Littlewood*, 5 Exch. 775, we find, in both cases, the plaintiff was not aware that the defendant had a wife living at the time of making the promise. The same was true in *Daniel* v. *Bowles*, 2 C. & P. 553. We fully concur in these decisions. The plaintiff was an innocent party. She did not know she was listening to immoral professions or accepting a promise which the promisor had no right to make. In such cases, courts may well hold that the promisor can not avail himself of his fraudulent concealment of his marriage as a defense to an action upon the contract. In the case before us, neither party was innocent. Both knew their contract of marriage was essentially immoral.

For the error in permitting the plaintiff to prove the promises of marriage made while the plaintiff's husband and the defendant's wife were living, and known to be so by both parties, the judgment must be reversed and the cause remanded.

      *Judgment reversed.*