ALICE NOICE, PLAINTIFF IN ERROR, v. ALBERT D. BROWN, DEFENDANT IN ERROR.

A promise of a married man to marry when a divorce should be decreed between himself and his wife, in a suit then pending, is contrary to public policy, and void.

In error to the Supreme Court.

For opinion of the Supreme Court, see 9 *Vroom* 228.

For the plaintiff in error, *W. Y. Johnson.*

For the defendant in error, *J. F. Hageman.*

The opinion of the court was delivered by

THE CHANCELLOR. The writ of error brings up for review the judgment of the Supreme Court on demurrer to a declaration in an action on the case. The suit is for damages for breach of promise of marriage. The plaintiff is a single woman, and the defendant, at the time of making the alleged promise, was a married man. The declaration avers that the defendant then alleged that he was married and had been living in a state of separation from his wife, who was prosecuting a suit for divorce from the bond of marriage against him, and that he promised the plaintiff that he would marry her as soon as he was divorced from his wife. The Supreme Court held that that promise was contrary to public policy, and therefore void. It is obvious that the cases cited on the argument in support of the declaration, in which the action was upon a promise to marry, made by a man who, though married at the time, was not known to the promisee to be so, differ radically from that under consideration. Here was no deceit, but the plaintiff was fully apprised of the fact that the defendant was married, and the fulfilment of his promise was expressly dependent upon the result of a pending suit for

divorce, brought by his wife against him.    Such a promise, made under such circumstances, is, for the reasons given in the opinion of the Supreme Court, clearly against public policy, and no action can, therefore, be maintained upon it.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, KNAPP, REED, SCUDDER, DODD, GREEN, LILLY, WALES.    9.

*For reversal*—None.