# W. A. COWAN, RESPONDENT, v. A. ABBOTT ET AL., APPELLANTS.

ASSUMPSIT FOR SERVICES — PLEADING — EXPRESS CONTRACT — QUANTUM MERUIT — ELECTION OF COUNTS. — In an action to recover for services rendered, where the complaint contains two counts, one upon an express contract and the other upon a *quantum meruit,* it is not error for the trial court to refuse to compel the plaintiff to elect upon which count of his complaint he will rely.

ID. — JOINDER OF CAUSES — DISTINCT CONTRACTS. — In an action for services rendered, a cause of action arising out of an express contract for services may be joined with a cause of action for services rendered upon a *quantum meruit.* Theoretically, the two causes of action are distinct, and they need not correspond or be consistent with each other.

ID. — ISSUE AS TO AMOUNT OF PAYMENT — ADMISSION. — Where a complaint in an action for services rendered alleged that the plaintiff had been paid for his services a certain amount, and no more, and the answer does not specifically deny that allegation, in form, as to amount, but after denying the contract of employment alleged, and the value of the services, and admitting that certain services were rendered, avers that the plaintiff had been fully paid long before the commencement of the action, the answer does not admit that plaintiff had been paid no more than the amount alleged.

ID. — EVIDENCE — CONTRACT FOR WAGES — RECEIPTS IN FULL — INSTRUCTION. — Where the evidence on the part of the defendants showed that the plaintiff agreed to receive certain wages per day for his services, and that he had received payment of such wages in full, and had given various receipts "in full to date," extending up to the date when the work ceased, which receipts are put in evidence, it is error for the court to refuse to instruct the jury that if they found that there was an express agreement fixing the plaintiff's compensation at such wages, and that he had been fully paid, the plaintiff was not entitled to additional compensation.

ID. — PAYMENT OF WAGES — ACCEPTANCE — CONCLUSIVENESS OF RECEIPT — QUESTION OF FACT. — The fact that plaintiff accepted the payment of wages, and gave a receipt therefor purporting to be in full, stating at the time that it was not in full, though a very strong circumstance against him, is not conclusive. Its effect is a question for the jury.

ID. — SERVICES FOR PARTNERSHIP — WORK UPON MINE — CONTRACT FOR COMPENSATION — AGENCY — POWER OF PARTNER — RATIFICATION. — Where the defendants were engaged in working a mine as partners, and not technically as mining partners, if plaintiff, whose services were rendered upon the mine, agreed with an agent authorized by one of the partners to fix his compensation at certain wages, he cannot repudiate the arrangement because the authority was not expressly conferred by both partners, especially where it appears that both defendants, by their conduct in the case, have ratified the act of the agent.

APPEAL from an order of the Superior Court of Butte County denying a new trial.

The facts are stated in the opinion.

*H. V. Reardan*, for Appellants.

*John Gale*, for Respondent.

TEMPLE, C.—Appeal from an order denying defendants' motion for a new trial.

Plaintiff sued defendants, as mining partners, to recover for services alleged to have been rendered as superintendent of their mine.

The complaint contains two counts. In the first he avers that he performed labor for defendants between certain dates at their request, and that said services are reasonably worth $3,050, of which amount defendants have paid $650 only, leaving $2,400 still unpaid.

In the second count he avers an express contract, by which defendants agreed that if plaintiff would take charge of their mine, pump out the water so that it could be worked, and thereafter manage, work, and mine it, they would pay him the salary usually paid to mining engineers and superintendents, which he avers was reasonably worth three hundred dollars per month, and in case he succeeded in keeping the water out for six months, they would pay him a further sum, as a *bonus*, of one thousand dollars.

The defendants, answering separately, deny specifically each allegation in the complaint, except that they admit that plaintiff performed certain service for them, but not as a mining superintendent; that the service continued from the 1st of March to the 29th of October, 1888. They aver that he was employed to take charge of the machinery and pumps; that he was fully paid long before the commencement of this action.

There was no error in refusing to compel the plaintiff to elect upon which count of his complaint he would rely. The two causes of action arise out of contracts,

and can therefore be joined under section 427 of the Code of Civil Procedure. Theoretically, they are distinct causes of action, and there is no requirement that they shall correspond or be consistent with each other.

As defendants did not rely upon their motion for a nonsuit, the question now is as to the sufficiency of the evidence to sustain the decision. We fail, however, to discover the variance complained of.

Plaintiff testified, in effect, that if he did not get the water out and keep it out, so the mine could be worked for six months, he should receive no pay; but if he did so, he should be paid a salary, the amount of which was not agreed upon, and one thousand dollars *bonus*.

His second cause of action states that defendants agreed that *if plaintiff* would go to their mine and take charge, and pump out the mine so it could be worked, and would work and manage the same, etc., he was to be paid a salary and one thousand dollars.

The fact that plaintiff accepted four dollars per day, stating, as he says he did, that it was not in full, though a very strong circumstance against him, was not conclusive. Its effect was for the jury.

Plaintiff, in each count of his complaint, avers that he has been paid for his services the sum of $650, and no more. This amount is not specifically denied in the answer, but the contracts alleged are denied; also, the value of the services; and it is averred that plaintiff had been fully paid. We think defendants do not, by this state of the pleadings, admit that no more than $650 had been paid.

On the trial, Thomas James, a witness for the defendants, testified that he was clerk at the mine; that Abbott, one of the defendants, directed him to fix with plaintiff what he was to receive; that he did so, acting for defendants; that plaintiff agreed to take four dollars per day, and was paid at that rate, and receipted in full up to October 30, 1888, when the work ceased.

The receipts were placed in evidence, and so far sustain the witness. They each expressly state that the

sum received was in full to date, or to a date mentioned. The last, dated October 30th, at which time it is admitted the mine was closed, is for $304.10, "payment in full to date." Plaintiff only claims that he worked six months and twenty-five days. In his evidence he admitted, as his receipts proved, that he had been paid $854. This would be more than four dollars per day for that time.

The facts in contest seem to have been,—1. The value of plaintiff's services; 2. Whether defendants made the express contract alleged by plaintiff; 3. Whether there was an express agreement, as claimed by defendants, fixing plaintiff's compensation at four dollars per day and board; and 4. Whether he had been fully paid.

The jury had the right, upon the evidence, to find for the defendants upon the last two issues, and the court erred in refusing to instruct the jury that if they so found, plaintiff was not entitled to additional compensation.

If, as testified by James, plaintiff agreed to receive four dollars per day and board for his services, and did accept it as full payment, he cannot now repudiate the arrangement on the ground that James was not expressly authorized by both of the defendants. By their conduct in this case, both defendants have ratified the act of their agent. And although the defendants, as partners, were engaged in working a mine, it was evidently not what was technically known as a mining partnership, which in some respects resembles a tenancy in common.

For the error mentioned, the order should be reversed and a new trial had.

FITZGERALD, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is reversed and a new trial ordered.