[S. F. No. 2641.   Department One. — May 25, 1901.]

In the Matter of the Estate of PETER HANSON, Deceased.
EDWARD H. HANSON, Appellant. JOHN TAYLOR,
Administrator, Respondent.

ESTATES OF DECEASED PERSONS — CLAIMS — GRATUITOUS SERVICE — SET-
TLEMENT OF ADMINISTRATOR'S ACCOUNT. — One who has rendered a
gratuitous service to the decedent in his lifetime, with no intention
to ask or receive any compensation therefor, cannot, after his
death, convert such service into a charge against his estate, and a
claim therefor should be disallowed, and it is error to include it in
the settlement of the accounts of the administrator.

APPEAL from an order of the Superior Court of Mendo-
cino County approving and settling an administrator's ac-
count.   J. M. Mannon, Judge.

The facts are stated in the opinion.

McNab & Hirsch, for Appellant.

W. P. Thomas, for Respondent.

CHIPMAN, C.— Appeal from an order approving and set-
tling the administrator's account.   The only part of the ac-
count drawn in question is the following item: "Mrs. P. H.
McClelland, pies, cakes, soups, etc., $208.00"; which the court
allowed as a proper charge.   Letters were issued to the public
administrator, and the sole heir at law of the deceased filed
written objections to the above item.   There is no brief for
the respondent.   The only witness sworn at the hearing in
explanation of the charge was the claimant, Mrs. McClelland.
She testified with entire frankness that she never had any
conversation with deceased about paying for the articles and
labor mentioned in the account, and that what she did was
"out of kindness for Mr. Peter Hanson."   She kept no account
of the materials or labor at the time, and she stated that she
was advised after the death of Mr. Hanson to put in a claim.
She testified that she "never intended to charge Peter Hanson
anything."

The single question is presented, namely: May one who ren-
ders a kindly and gratuitous service to another, with no inten-

tion at the time to ask or to receive therefor any pecuniary compensation, afterwards make such act the subject of a claim?

It has been often held, where services were originally rendered gratuitously, they cannot afterwards be converted into a charge. The question is fully discussed in *Lampleigh* v. *Brathwait,* found in 1 Smith's Lead. Cas. 268. It also arose, and was similarly decided, in *Moulin* v. *Columbet,* 22 Cal. 509. The books abound in cases holding that under circumstances such as are disclosed here, there is no liability incurred. The court erred in allowing this item.

The order, in so far as it approves and allows the above item, should be modified, with directions to strike it from the account, and otherwise the account should stand approved and allowed.

Haynes, C., and Gray, C., concurred.

For the reasons stated in the foregoing opinion the order is modified by striking from the account the item of $208 in favor of Mrs. P. H. McClelland, and as thus modified is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.