[L. A. No. 2720. Department Two.—August 24, 1911.]

In the Matter of the Estate of JOHN B. ROHRER, Deceased.

Estate of Deceased Person—Contract for Services of Nurse— Failure of Legacy Intended as Payment — Claim against Estate.—Evidence that a testator desired to make payment for

services rendered him by a nurse during his last illness, and to that end left her a legacy in his will, which failed because she became a witness to the will, coupled with evidence that the nurse performed the services in the expectation of receiving compensation therefor after the death of the testator, is sufficient to support a claim of the nurse against the estate of the testator for the reasonable value of her services.

ID.—NURSE WIFE OF NEPHEW OF DECEASED — NO PRESUMPTION OF GRATUITOUS SERVICES.—The fact that the nurse was the wife of a nephew of the deceased, and that she and her husband resided in the home of the deceased during the time the services were rendered, raises no presumption that the services were gratuitous.

ID.—ALLOWANCE OF ATTORNEY'S FEE — OBJECTION FIRST RAISED ON APPEAL.—An allowance of an attorney's fee, upon the settlement of the account of an executor, cannot be reviewed on appeal, if no objection thereto was raised in the lower court.

APPEAL from an order of the Superior Court of Los Angeles County settling the accounts of an executor. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Porter & Sutton, for Appellants.

Andrew J. Copp, Jr., and Jones & Weller, for Respondents

MELVIN, J.—This is an appeal by the heirs at law of J. B. Rohrer, deceased, from an order settling the first account of R. I. Follmer, executor of the last will of said deceased. Two exceptions were made to the account, one based upon the alleged failure of the executor to include in the inventory certain real property of the value of eight thousand dollars and the other relating to an allowed claim for one thousand dollars paid by the executor to his wife for nursing Rohrer during his last illness, but as the first exception was evidently abandoned by appellants we have only to consider that directed to the allowance of Mrs. Follmer's claim.

The court allowed the claim not for one thousand dollars but for six hundred dollars. No objection was made to the value of the services. Indeed, the testimony showed that for a period of nearly nineteen months before his death the sick man required almost the constant attention of his nurse. The contention of the appellant is that Mrs. Follmer, whose hus-

band was a nephew of the deceased, never expected any compensation for her services and that as she and her husband were living at the home of Mr. Rohrer without cost to them, her care of the sick man was prompted by motives of generosity alone. The evidence of Mrs. Follmer which was uncontradicted shows, however, that she had been promised compensation for the care of her husband's kinsman. She testified in part as follows: "No compensation was ever fixed for such services, and I never intended to charge him anything for such services, but he stated that I would be well paid for same. He at no time agreed to pay me any fixed sum for services rendered by me. I was prompted to perform such services out of kindness for Mr. Rohrer; I never kept any account whatever for such services. . . . I expected for such services a legacy or other remembrance. Mr. Rohrer never paid me anything for my services and I never asked him for anything for such services, and I never expected any compensation for such services in his lifetime." That an understanding between her and Mr. Rohrer existed with reference to her compensation, is borne out by the fact that by his will he left her a legacy of one thousand dollars. This was void because she was a subscribing witness to the will. She testified that she never intended to file a claim against the estate of Rohrer but that she determined to do so when her attorney told her that the legacy was void. Appellants' attorneys argue that Mrs. Follmer cannot offer a claim founded on an implied contract, simply because an expected legacy failed, because the contract must have contemplated payment for the services to be rendered at the time the agreement was made. In this behalf they cite *Andrus* v. *Foster,* 17 Vt. 560; *Murdock* v. *Murdock,* 7 Cal. 513-514; *Moulin* v. *Columbet,* 22 Cal. 509; *Estate of Hanson,* 133 Cal. 38, [65 Pac. 14], and *Crane, Admr.* v. *Derrick,* 157 Cal. 667, [109 Pac. 31]. But we fail to see why payment for services rendered should be denied merely because the contemplated method of compensation failed. Mr. Scarborough who drafted the will testified that the testator desired to make claimant a legacy of one thousand dollars as a reward for services rendered by her. This clearly shows that Mr. Rohrer intended to pay the claimant for her work as his nurse, and taken in connection with the will itself and the testimony of Mrs. Follmer, it is amply sufficient to estab-

lish the contract. It has been held in New York that even when a legacy has been left to a person seeking payment from the estate of one deceased, for nursing him during his last illness, compensation should be allowed where the legacy was clearly insufficient to compensate for services rendered. (*Porter* v. *Dunn,* 131 N. Y. 314, [30 N. E. 122].) There was no such relationship between Mr. Rohrer and Mrs. Follmer as would raise any presumption that the services were gratuitous. The facts that she was the wife of Mr. Rohrer's nephew and that she and her husband resided in Mr. Rohrer's home do not raise any presumption that she nursed the sick man without expectation of reward.

Appellants also object to an allowance to A. J. Cook of an item of one hundred dollars on account of attorney's fees, but as this objection is raised for the first time on appeal we cannot consider it here.

It follows that the judgment should be affirmed, and it is so ordered.

Lorigan, J., and Henshaw, J., concurred.