[L. A. No. 4019. Department Two.—September 17, 1917.]

LORENA FAY SMITH, Respondent, v. A. W. McPHER-SON, as Administrator of the Estate of William E. McPherson, Deceased, Appellant.

BREACH OF PROMISE—MARRIED MAN.—A promise of a man who is then married to marry contingent upon his obtaining a divorce is void, and an action for breach of the promise will not lie.

ID.—RENEWAL AFTER DIVORCE—ACTIONABLE.—Although a promise to marry contingent upon the promisor obtaining a divorce from one to whom he is already married is void and no action for breach of such promise may be maintained, yet if the promise be renewed after divorce, an action for its breach will lie.

ID.—EVIDENCE—ILLICIT RELATIONS.—In an action for breach of promise of marriage, where seduction is not alleged to enhance damages, evidence of illicit intercourse is not admissible; but where a man has held out the plaintiff to the world as his wife, evidence of their relations is admissible as a fact from which a reasonable inference may be drawn of a promise to marry.

ID.—STATUTE OF LIMITATIONS—ORAL PROMISES TO MARRY.—Section 360 of the Code of Civil Procedure, requiring an acknowledgment or new or continuing contract to be in writing to take a case out of the operation of the statute of limitations, has no application

to a promise of marriage, in view of subdivision 3 of section 1624 of the Civil Code, which provides that mutual promises to marry may be oral.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

James E. O'Keefe, C. H. Van Winkle, and Robert J. Adcock, for Appellant.

Adam Thompson, for Respondent.

HENSHAW, J.—This action was brought to recover damages for the breach of a promise of marriage. The complaint averred that on the fourth day of November, 1912, plaintiff and defendant, both being in all respects competent to enter in the marriage state, agreed to marry and that defendant promised to marry plaintiff; that from time to time thereafter he renewed this promise until finally on the thirteenth day of August, 1913, he violated his promise and refused either then or thereafter to marry plaintiff. Trial was had before a jury, which gave its verdict in the sum of ten thousand dollars for plaintiff. From the judgment which followed and from the order denying defendant's motion for a new trial this appeal has been taken. The evidence on behalf of plaintiff established that when she was a girl a little over fifteen years of age and defendant was conducting a hotel in Portland, Oregon, she was employed therein as housekeeper or manager. Defendant represented to her that he was unmarried and on his promise to marry her she permitted him to have sexual intercourse with her. This was in 1902. She thereafter learned that he was married but that his wife had begun an action for divorce against him. She permitted this relationship to continue under his repeated promises that he would marry her when his wife had secured a divorce and he was a free man. His wife did secure a divorce and married again. The defendant then came to California, bringing plaintiff with him, and engaged in the hotel business in San Diego and in other places. This relationship between them continued, saving that in California the defendant repre-

CLXXVI Cal.—10

sented her to be his wife, they held themselves out to the world as husband and wife, and acted in all respects as husband and wife. From time to time he renewed his promise of marriage, naming in each instance the date when the marriage would take place. As the time arrived he would put her off by fixing another date. She had entered into this relationship with him in childhood; it had continued ever since; she felt unable to break away; she hoped each time he would fulfill his promise, but each time he had disappointed her. In 1912 he told her "not to worry, that everything would be all right, that they would get married in three months' time." Plaintiff's testimony to this effect is corroborated by a witness who was present at this conversation. Finally, in August, 1913, when plaintiff was confined to her bed, defendant said to her in the presence of the same witness, "Although I have promised to marry you several times I have no such intentions of doing so, and I never will; you and my people can go to hell, as far as I am concerned. Mabel here is a friend to both of us and I suppose she is wise enough to keep her mouth shut." Thereafter plaintiff brought this action.

Appellant contends that as the original promise of marriage was given by defendant at the time defendant was a married man and must necessarily rest for its fulfillment upon the basic consideration of securing a divorce, the plaintiff's whole case must fall to the ground. It is unquestionably true that a promise given under such circumstances is against the manifest policy of the law and therefore wholly void. (*Noice* v. *Brown,* 39 N. J. L. 133, [23 Am. Rep. 213]; *Paddock* v. *Robinson,* 63 Ill. 99, [14 Am. Rep. 112].) Nor will this court in the slightest modify so salutary a principle. But the case here is broadly differentiated from the cases above cited and others so holding. It is differentiated in this, that defendant's promise was renewed years after the divorce; years after his former wife had married again, and when there was no obstacle either in the law or in good morals to prevent him from entering anew into the marriage state, and at a time when his course of conduct toward plaintiff, at least from the moral aspect, strongly demanded that he not only should make such a promise, but should keep it; for the evidence which was presented to the jury showed that this man had seduced this girl child of fifteen years under promise of marriage, had taken her thereafter to California as his wife, had

lived with her and held her out as his wife, and had continued in this relationship and intercourse under frequent and repeated promises to make her an "honest woman" by marrying her.

In this connection may be noted appellant's next objection to the admission of the evidence of illicit sexual intercourse between plaintiff and defendant. It unquestionably is the rule that in an action for breach of promise of marriage where the seduction of the plaintiff is not alleged to enhance the damages, evidence of illicit intercourse is not admissible (*Lanigan* v. *Neely*, 4 Cal. App. 766, [89 Pac. 441] ; *Felger* v. *Etzell*, 75 Ind. 417; *Dupont* v. *McAdow*, 6 Mont. 226, [9 Pac. 925] ; *Lauer* v. *Banning*, 140 Iowa, 319, [118 N. W. 446]), but the very foundation of these decisions is removed from the case at bar. In those cases where the principle has been applied, the intercourse has been "consummated in the strictest privacy and secrecy and is known only to the parties themselves," and "evidence of such intercourse can have no possible tendency to prove the existence of a promise of marriage." But here, however secretly this intercourse began, defendant entered into an assumption of marital rights and duties and obligations and held out this plaintiff as his wife. Where a man has held a woman out to be his wife it certainly is no strained inference from the evidence establishing this to say that it has a tendency at least to show that he had promised to marry her. It is not even a modification of the rule which we have been discussing to declare that when a man in effect announces to the world that he is married to a woman, a reasonable inference may be drawn that at least he has promised to marry her.

The defendant specially pleaded the defense of plaintiff's unchastity as contemplated by section 62 of the Civil Code. Of course her unchaste conduct with defendant himself was not a defense. Her asserted lack of continence, so far as defendant himself was concerned, rested upon evidence circumstantial in its nature and upon testimony touching plaintiff's general reputation for lack of chastity, but the jury's determination was against this defense.

Section 1624, subdivision 3, of the Civil Code, provides that a contract with mutual promises to marry may be oral. Section 360 of the Code of Civil Procedure, providing that no acknowledgment or promise is sufficient evidence of a new or

continuing contract by which to take the case out of the opera-
tion of the statute of limitations unless ''the same is contained
in some writing, signed by the party to be charged thereby,''
has no reference to promises such as it is in evidence were
here made.   And for the same reason, since the promises upon
breach by defendant were made anew by him, it will not be
held either that the statute of limitations·is applicable or that,
as declared in *Clark* v. *Pendleton*, 20 Conn. 495, all of these
subsequent, separate, and distinct promises after breach will
be held to refer back to the original promise made when
plaintiff was a child and when the defendant was under dis-
ability by reason of his marriage.

The judgment and order appealed from are affirmed.

Melvin, J., and Shaw, J., concurred.

Hearing in Bank denied.