[L. A. No. 9477. Department Two.—July 5, 1928.]

FANNIE HILBERT, Respondent, v. JOHN KUNDICOFF, Appellant.

Royal S. Riddle and Halverson & Price for Appellant.

Clement L. Shinn, Walter J. Little and William B. Gilroy for Respondent.

TYLER, J., *pro tem.*—■ Action for damages for breach of promise to marry. Trial was had by jury which resulted in a verdict in favor of plaintiff in the sum of five thousand dollars. Motion for new trial was made and denied. This appeal is prosecuted from the judgment and order. It is claimed as ground for reversal that the evidence shows the alleged promise to be void because of the fact that plaintiff knew at the time it was made that defendant was a married man. It is further urged that the trial court erred in not granting appellant's request for an interpreter and that it likewise erred in denying his motion for a new trial. There is no merit in any of these contentions. It is true that there can be no recovery for breach of promise to marry when at the time the promise was made the promisee knew of the pre-existing marriage of the promisor. This principle is a salutary one and courts should not, in the slightest degree, modify it. (*Smith v. McPherson*, 176 Cal. 144 [L. R. A. 1918E, 66, 167 Pac. 875].) It is equally true, however, that where the fact of the marriage of the promisor is unknown to the promisee at the time the promise is made, it furnishes no defense to an action for breach of the promise. (9 C. J. 325.) Here so much of the evidence as is necessary to support the judgment shows that the parties hereto had entertained more or less intimate relations toward each other from the time that they first became acquainted. Defendant was a boarder in plaintiff's family when she was living with her husband. Plaintiff subsequently secured a decree of divorce and plaintiff and defendant thereafter continued their

intimate relations. During this period they discussed the question of marriage, and defendant entered into the alleged agreement. ■ Plaintiff was advised to ascertain if defendant was a single person and she thereupon questioned him concerning his marital status, and was assured that while he had contracted a marriage in Russia some years previously that his former wife had been married for about eight years and that he was free to marry. After this promise was made and at a time when the parties were contemplating immediate marriage, defendant suggested that the ceremony be delayed until he could definitely ascertain his marital status. He subsequently learned that he was no longer a married man and he again promised plaintiff that he would marry her. Several witnesses testified as to defendant's promise. Even if we assume that the statement of defendant as to his doubt concerning his status be true and was sufficient to raise a question in plaintiff's mind at that time as to defendant's ability to marry, it can here have no controlling effect, for when the promise was originally made plaintiff had no doubts upon the question, and when all doubt was removed defendant again made the promise relied on. A renewal of such a promise after removal of the disability, if one exists, will support an action for a breach (*Pyle* v. *Piercy,* 122 Cal. 383 [55 Pac. 141]; 9 Cor. Jur. 325). Where a single woman receives the addresses of a married man who for good reasons she believes to be single and an engagement follows, the man cannot set up against her his wrong in making the marriage promise. Here there is evidence to show that plaintiff at all times when the different promises were made had no reason to believe defendant was a married man and she had the right to expect a fulfillment of his promise, and a right to recover for the disappointment when, as here, he failed to keep his promise and married another. ■

Nor was there any irregularity as claimed in the proceedings of the trial, because of the circumstances surrounding the use of an interpreter to aid appellant in giving his testimony. After the trial had proceeded an interpreter was had, but during the examination it became evident to the court that appellant understood and spoke the English language, whereupon the services of the interpreter were dispensed with. Under section 1884 of the Code of Civil Procedure the court is required to appoint an inter-

preter in those cases only where the witness does not understand or speak the English language. The question is one for the judicial determination of the court, and its ruling will not be disturbed unless the record clearly discloses an abuse of discretion, and here there is no such showing (*People* v. *Morine*, 138 Cal. 626 [72 Pac. 166]). There is no merit in the appeal.

The judgment is affirmed.

Shenk, J., and Richards, J., concurred.