[L. A. No. 10352.  In Bank.—May 13, 1930.]

WILFORD J. McCRAY et al., Appellants, v. W. W. REESE et al., Respondents.

L. E. Dadmun for Appellants.

W. I. Gilbert and Leo E. Sievert for Respondents.

WASTE, C. J.—Plaintiffs appeal from a judgment in favor of defendants in an action to cancel and set aside a trust deed. The trial court accepted the theory of the defense and found, in effect, that appellant Wilford J. McCray and respondent W. W. Reese [who died prior to the trial of the cause] were associated together in mining ventures. McCray, in the early part of 1924, sought to borrow $5,000 from the respondents Reese, representing that unless he could secure that amount he and certain other persons were liable to be criminally prosecuted. Learning that the Reeses did not have sufficient funds to make the loan, McCray stated that he could raise the $5,000 provided sufficient security was given, and requested the respondents Reese to deed to him a quarter-section of land in Kern County owned by them. The Reeses accordingly executed a warranty deed to McCray, who thereafter obtained a loan of $5,000, giving as security therefor a mortgage on the Kern County prop-

erty. He agreed with the respondents to pay the interest and principal of the note and to protect their property from foreclosure. Subsequently, McCray and his wife, appellant Anna McCray, reconveyed the property to Mrs. Reese subject to the $5,000 mortgage. At the time of the reconveyance respondent Reese demanded security against the encumbrance placed on the property, whereupon the McCrays executed a promissory note for $5,000, dated April 1, 1924, in favor of Ella Reese, and secured by the deed of trust here in controversy covering property owned by the appellants in Los Angeles. Appellants failed to pay the interest and principal of the note secured by the Kern County property, and respondent Ella Reese was compelled to make the payments in order to prevent the foreclosing of the mortgage. Appellants likewise defaulted in the payment of interest and principal on their note executed to Ella Reese and secured by the deed of trust, and the property given as security therefor was sold by the trustee, the respondent Leo E. Sievert, to Ella Reese.

Appellants' theory of the case is based on an entirely different set of facts which they sought to prove. According to their contentions, McCray and Reese entered into negotiations with certain parties to raise $25,000 with which to finance the purchase of the property of the Springfield Gold Mining Company. They were to raise in the beginning at least $10,000, of which $5,000 was to be furnished by each of them. McCray not being in a position to put up his share, Reese agreed to advance the amount for him, if McCray would guarantee the payment by signing a note and giving a trust deed covering the Los Angeles property of the appellants. Appellants assert that, with this understanding, they signed the note for $5,000 in favor of respondent Ella Reese, and also signed and acknowledged the trust deed requested by Reese, and left them with a notary public with instructions to deliver them to Reese when the $10,000 had been raised by him; that, in some manner and contrary to appellants' instructions, Reese obtained possession of the note and trust deed which he afterwards had recorded; that this action was brought to cancel and set aside the deed first, because appellants had not, at any time, delivered it to the respondent Reese, and, secondly, because of the failure of Reese to raise the $10,000, no consideration

passed for the execution of the note and deed. The trial court rejected the contentions of the plaintiffs [appellants], and rendered its decision and judgment in favor of the defendants.

The trial court found that while the trustee's deed of the Los Angeles property to Ella Reese, and an amendatory deed, were void because defective on their face, in that the sale was not advertised for six weeks in a newspaper of general circulation, as required under the terms of the trust deed, the deed remained a valid lien upon the property covered thereby. The court also found that there was no consideration for the deed to the Kern County property from the Reeses to McCray, and that the mortgaging of the property by the McCrays and the redeeding of it to Mrs. Reese subject to the mortgage constituted a good and sufficient consideration for the execution of the promissory note and trust deed to the Los Angeles property herein sought to be cancelled and set aside.

Appellants attack certain findings of the trial court as not sustained by the evidence. As already noted, they claim a delivery of the trust deed in escrow and a failure of respondents to comply with its terms; that there was no delivery of the trust deed to respondents, and no consideration passed therefor. As to the warranty deed from the Reeses covering the Kern County property on which the $5,000 mortgage was placed by McCray, the appellants claim that the deed was given to McCray for an interest in a mining deal. There was evidence that the deed was given to McCray "to enable [him] to raise $5,000 for the purchase of an interest in the contract which [McCray] was one of the owners of," and, again, that for the $5,000 raised by the mortgage Reese was "to get a one-fourth interest in an agreement which [McCray] held against the Springfield Gold Mining Company." On the other hand, there was testimony on behalf of the respondents to the effect that representations were made to the Reeses by McCray and his associates that McCray had issued a check without sufficient funds in the bank to cover it; that if the check was refused by the bank, it would result in the cancellation of a contract and the inability of McCray and his associates to complete the organization of a corporation, in which event one of the associates, who had sold preorganization certifi-

cates of the corporation, would be liable to arrest; and that upon these representations the Reeses executed the deed to the Kern County property in order that the money might be raised.

We have carefully reviewed the record in the case and find that, while there was evidence in favor of appellants' theory, there was also ample evidence to support the findings of the trial court upholding respondents' contentions. The testimony, in line with the contradictory statements and inconsistent claims of the parties, is irreconcilably conflicting. ''It is the duty of the trier of facts to reconcile, if possible, any apparent conflict, whether such conflict is developed upon the whole case or in the testimony of an individual witness, and to give effect to all the evidence, when the nature of the case will admit of such a disposition, or, if the conflict is irreconcilable, to affix [his] own value to the contradictory evidence.'' And it is a cardinal rule that where, upon a question of fact, the testimony in the court below involves a substantial conflict, the action of the lower court will not be disturbed. (10 Cal. Jur. 1171, 1172, secs. 382, 383, and cases cited.)

The judgment is affirmed.

Shenk, J., Seawell, J., Curtis, J., and Preston, J., concurred.

Rehearing denied.