[Civ. No. 12425.   Second Dist., Div. One.—May 14, 1941.]

WILLIAM DOSTER NOLAND, Plaintiff, v. VYOLA BUBB NOLAND et al., Defendants; RANDALL DISCOUNT CORPORATION (a Corporation), Appellant; WILFRED L. FARRAR, Respondent.

Maurice C. Sparling for Appellant.

William A. Reppy for Respondent.

DORAN, J.—The third party claimant appeals from a judgment rendered against it in a proceeding pursuant to section 689 of the Code of Civil Procedure to determine title to a certain automobile registered in the name of the judgment debtor and upon which a levy of execution had been made. An appeal is also attempted from an order denying appellant's motion for a new trial, "to vacate the judgment,

to strike the cost bill, to strike the findings of fact and conclusions of law and to tax costs''.

Appellant, the legal owner and chattel mortgagee of the car in question, claims title by virtue of a pledge sale of the car held after default of the judgment debtor in his payments thereon. The trial court found that even if the sale were held the levy had been made prior thereto. Appellant contends that this and other findings of the court are unsupported by the evidence.

■ At the hearing appellant produced witnesses who stated they were present at the sale and who testified as to the time and place of the sale and the manner in which it was conducted. Among these witnesses was the employee of appellant who had conducted the sale. Respondent, in his own behalf, testified that on the date the sale was to take place he went personally to the garage, where appellant's witnesses stated the sale was held, and stationed himself just outside the door to the garage in a position where he had a clear view of the interior; that he saw no one enter or leave the garage and that he saw no such sale take place. The sale was noticed for 9 A. M. of the day in question. Appellant's witnesses all testified that the sale was held at approximately that hour. Respondent's testimony as to the time he arrived at the garage was somewhat equivocal and self-contradictory, and his assertions as to the care he took to keep his watch accurate were contradicted by another witness produced by appellant. However, his testimony was not inherently improbable and respondent's credibility as a witness was for the determination of the trial court. The time of the levy was definitely established as about 9:20 or 9:25 A. M. of the day in question. Respondent's own testimony produced the only conflict as to the sale.

The court in finding as it did must have chosen to believe respondent's testimony and relied thereon. Considered by the trial court as credible evidence, it cannot be said that respondent's testimony failed to create a substantial and real conflict as to the time of the pledge sale of the car. (See the sections upon conflicting evidence, 2 Cal. Jur. 921, et seq., and 10 Cal. Jur. 1172, 1173.) The court having found upon conflicting evidence that the levy of execution was made before the pledge sale, such finding may not be disturbed upon appeal. The finding as to priority of the levy disposes of all

further questions regarding the pledge sale and title to the car. ■ The levy having been found to be made prior to the pledge sale, the lien of the judgment attached to the debtor's equity in the car. (See *Harper* v. *Gordon,* 128 Cal. 489, 492 [61 Pac. 84] ; *Podrat* v. *Oberndorff,* 207 Cal. 457, 459 [278 Pac. 1035, 63 A. L. R. 1308].)

■ Upon this appeal, however, appellant for the first time challenges the validity of the levy and the jurisdiction of the trial court to proceed to determine title to the car under the third party claim. No such objection was made in the court below, and appellant filed its third party claim without raising the question.

Lack of jurisdiction is claimed on the ground that the levy was no more than a garnishment and it was therefore improper to try the question of title to the property in a proceeding under section 689, *supra.* Such a claim is based upon the contention that the sheriff did not take the car into custody. The record reveals that the sheriff's deputy made an employee of appellant keeper of the car. The car was in a garage directly adjoining appellant's place of business and was already being held by appellant to secure the lien of the chattel mortgage. Under the circumstances, the levy was properly made. (*Rogers* v. *Gilmore,* 51 Cal. 309.) To accomplish the levy, it was not necessary to remove the car from the premises (*Ross* v. *O'Brien,* 9 Cal. App. (2d) 1, 4 [48 Pac. (2d) 718] ), and "the taking by the attaching officer may be either actual or constructive, dependent upon the nature and the situation and the location of the property attached". (*Colver* v. *W. B. Scarborough Co.,* 73 Cal. App. 441, 448 [238 Pac. 1104] ; citing *Rogers* v. *Gilmore, supra,* and *Sinsheimer* v. *Whitely,* 111 Cal. 378 [43 Pac. 1109, 52 Am. St. Rep. 192].) The manner of appointing a keeper was proper under the circumstances. "A levying officer should make the expense of keeping property levied upon as light as possible consistent with its safekeeping." (15 Cal. Jur. 1066.) It should be pointed out that the car in question was already in safekeeping, since, as already seen, the finding must be adopted that the pledge sale had not been held. *Ruskin* v. *Cheney,* 25 Cal. App. (2d) (Supp.) 753 [70 Pac. (2d) 278], cited by appellant, is not applicable to the facts of the instant case. In the Ruskin case no attempt was made to appoint a keeper of the property.

■ Appellant contends that the levy was invalid because the sheriff failed to tender appellant the amount due under its mortgage, in accordance with the requirements of section 2969 of the Civil Code. However, appellant has failed to indicate wherein the transcript on appeal shows that no such tender was made, and no such showing has been found on examination of the transcript. The question was apparently not raised by appellant in the court below, and the trial court has found that a proper tender was made. Since every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the judgment, it may not be here presumed that the finding of the court in that respect was in error. (2 Cal. Jur. 852, 856.)

■ Appellant complains that the findings signed by the court are not the true findings of fact and refers to a written opinion of the trial court previously prepared, which appellant states is at variance with the signed findings and which, having been prepared and filed first, constitutes the true findings of the court herein. Appellant points out that no findings are required in a proceeding under section 689, Code of Civil Procedure. However that may be, the opinion referred to is not a part of the record before this court and may not here be considered. ■ Appellant also complains that the findings prepared by respondent were not served on appellant as provided in section 634 of the Code of Civil Procedure, and were signed before the time provided in that section. This failure, however, furnishes no ground for setting aside or vacating the judgment. The section of the code in question, even since its amendment in 1933, is held to be merely directory and not mandatory. (*Treat* v. *Superior Court*, 7 Cal. (2d) 636, 639 [62 Pac. (2d) 147].)

■ It is also contended that the judgment is too indefinite and uncertain and contrary to law. As may be seen above, the judgment cannot be held contrary to law. The judgment decrees that the levy of execution was valid; that appellant take nothing over the amount of $381, its mortgagee's interest; that the judgment creditor is entitled to all amounts over that sum; that if the car has been sold, all amounts in excess of that sum should be turned over to respondent; and that if there had been no sale, the car should be sold under execution for a sum not less than the amount of the mortgagee's interest. It cannot be said that the judgment is so

vague and uncertain that the effect thereof may not readily be determined.

█ Appellant complains that no provision is made for the costs of the mortgagee on the sale of the car. It does not appear that appellant is entitled to such costs under the circumstances of this case. No authority has been cited or referred to in support of such a contention.

Other exceptions were not treated in the briefs and will therefore be deemed waived.

No appeal lies from the order denying the motion for a new trial. (See Code Civ. Proc., sec. 963.)

For the foregoing reasons the judgment appealed from is affirmed, and the appeal from the order is dismissed.

York, P. J., and White, J., concurred.