[Civ. No. 13541.   Second Dist., Div. Two.   July 25, 1942.]

MAURICE ROSE, Appellant, v. E. NEAL AMES et al., Respondents.

A. J. Weiss and William E. Balter for Appellant.

E. Neal Ames in pro. per. for Respondents.

McCOMB, J.—This is an appeal by plaintiff from (1) a judgment in favor of defendants after the trial court sustained a demurrer to plaintiff's complaint without leave to amend in an action to recover damages for breach of an alleged contract, and (2) an order denying plaintiff's motion for permission to file an amended complaint. The complaint contained the following allegations in substance:

### Count I

Count I is a common count for money had and received.

## Count II

### I

Prior to the institution of the present action Maurice Rose filed a certificate with the county clerk of Los Angeles County, showing that he was doing business under the fictitious name of Golden State Finance Company.

### II

Waunetta G. Silverstein obtained a judgment against John A. Woodward for the sum of $18,992.66, which judgment was partially satisfied in the sum of $1,431.90, and there is still due and owing on said judgment the sum of $17,560.76.

### III

Each of the defendants claim an interest in the aforementioned judgment.

### IV

On December 19, 1938, defendants entered into a written agreement with plaintiff reading as follows:

"Golden State Finance Company
Los Angeles, California
Attention: Mr. H. L. Rose

Dear Sir:

"In accordance with our conversation, you have informed me of the fact that you are in a position to give me information whereby I may levy upon property belonging to John A. Woodward, Jr., under an execution issued in the judgment secured by Mrs. Waunetta G. Silverstein against Mr. Woodward in Superior Court Case No. 409108.

"It is understood the information which you are to give me is of sufficient definite nature that it will enable me on Mrs. Silverstein's behalf to levy upon the property designated by you, said information being sufficiently definite both as to the nature of the property to be levied upon and its location.

"It is understood and agreed that there will be no expenses incurred or necessary in order to recover under an execution upon said property, other than the usual costs of levy and sale.

"It is further understood and agreed that for and in consideration of the giving of the information to E. Neal

Ames on behalf of Mrs. Silverstein, you are to receive one-third (1/3) of all moneys recovered either by sale or compromise, after deducting all costs incurred by Mrs. Silverstein in connection with the levy upon the property from the information furnished by you.

"It is further understood and agreed that the property above referred to is not any interest which the said Woodward has under the terms of the trust created by his father's will or any real estate involved therein, nor shall it cover any property upon which you have already levied an execution.

"It is further understood that Mr. Ames is authorized and hereby instructed to pay the same to you out of the proceeds of any recovery made as hereinbefore set out.

"Very sincerely yours,

E. Neal Ames.

I hereby approve the same.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Mrs. Waunetta G. Silverstein."

## V

At all times mentioned in the complaint defendant E. Neal Ames was the attorney of record for defendant Waunetta G. Silverstein.

## VI

On or about December 19, 1939, plaintiff furnished defendants information concerning said properties of John A. Woodward, and thereafter defendants caused writs of execution to be levied upon said properties and instructed the sheriff of Los Angeles County to sell the same, but prior to the date of sale defendants instructed the sheriff to discontinue any further action upon the writs of execution, and defendants have never continued with the sale, although requested to do so by plaintiff.

## VII

Plaintiff has no knowledge or belief as to whether defendants have in truth and in fact received payment pursuant to or as a result of the aforementioned levy of execution.

## VIII

Plaintiff has demanded from defendants the sum of $7,716.82, it being one-third of the amount due on the judg-

ment obtained by defendant Silverstein against John A. Woodward, which sum defendants have refused to pay plaintiff.

## Count III

### I

Count III incorporates by reference most of the material allegations of Count II.

### II

Plaintiff has performed all the conditions and covenants of the agreement set forth in Count II.

### III

Plaintiff has no speedy and adequate remedy at law, and, unless defendants are compelled to sell the property of John A. Woodward, plaintiff will be irreparably damaged.

## Count IV

### I

Count IV incorporates by reference most of the material allegations of Count II.

### II

"Plaintiff is informed and believes, and therefore alleges the fact to be true, that defendants and each of them in order to defraud plaintiff of his one-third share in and to any sale or compromise on account of" the aforementioned execution "on the property of" John Woodward, "in accordance with the terms of said agreement aforementioned, have fraudulently and unlawfully conspired together with said Woodward to delay or withhold enforcement until such time as said levy under the writ of execution above set forth lapses and said writ becomes of no force and effect.

". . . in pursuance to said conspiracy to defraud plaintiff . . . defendants and each of them have delayed and refused to enforce said levy pursuant to the writ of execution aforementioned, despite plaintiff's insistent demands therefor."

Plaintiff asked judgment against defendants (1) for the sum of $7,716.82, (2) that defendants be compelled to satisfy the judgment obtained by defendant Silverstein against John Woodward out of the property upon which execution had been levied, (3) for costs of the suit, and (4) for general relief.

There are two questions presented for our determination, which will be stated and answered hereunder seriatim.

■ *First: Was the general demurrer of defendants to the complaint properly sustained on the ground that the pleading failed to state facts sufficient to constitute a cause of action?*

This question must be answered in the affirmative. Assuming that the letter of December 19, 1938, signed by defendant Ames, which is alleged in the complaint, constituted a contract between plaintiff and defendants, an essential allegation for plaintiff to recover upon such alleged agreement would be that defendants had "recovered either by sale or compromise" money due on the judgment obtained against Mr. Woodward by defendant Silverstein.

The pertinent paragraph of the alleged agreement reads thus:

"It is further understood and agreed that for and in consideration of the giving of the information to E. Neal Ames on behalf of Mrs. Silverstein, you are to receive one-third (1/3) of all moneys recovered either by sale or compromise, after deducting all costs incurred by Mrs. Silverstein in connection with the levy upon the property from the information furnished by you."

There is a total absence of any allegation in the complaint that defendants or either of them recovered any money either by sale or compromise on the judgment which defendant Silverstein had obtained against Mr. Woodward. Hence, the general demurrer was properly sustained as to the second count in the complaint.

■ In the purported contract there is no agreement upon the part of defendants to levy an execution upon the property of Mr. Woodward and thereafter to cause the same to be sold. Therefore, Count III did not state a cause of action for specific performance and the demurrer was properly sustained as to this count.

■ The fourth count did not state a cause of action predicated upon the theory of conspiracy, for the reason that the law is established in California that a conspiracy is not actionable, unless the alleged combination results in the perpetration of an unlawful act or some injurious act by unlawful means. (*Harris v. Hirschfeld*, 13 Cal. App. (2d) 204, 206 [56 P. (2d) 1252].) In the complaint before us there is a total absence of any allegation of either an unlawful act

or an injurious act by unlawful means. Hence, the demurrer was properly sustained to the fourth count.

■ As to the first count, which was a common count for money had and received, the general demurrer was likewise properly sustained. It is the established law of California that, if plaintiff is not entitled to recover under one count in a complaint, where all the facts upon which his demand is based are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the complaint, the recovery under which is obviously based on the set of facts specifically pleaded in the other count. (*Hays* v. *Temple,* 23 Cal. App. (2d) 690, 695 [73 P. (2d) 1248].)

It is obvious from reading the complaint in the instant case that plaintiff relies for recovery under the first count, that is, the common count on the facts specifically pleaded in counts, II, III, and IV. For the foregoing reasons the general demurrer was properly sustained as to all counts in the complaint.

■ *Second: Did the trial court commit prejudicial error in denying plaintiff's application for permission to file an amended complaint?*

This question must be answered in the negative. The law is established in California that an appellate court will sustain the action of the trial court in denying an application for leave to file an amended pleading, unless it be made to appear that there has been an abuse of discretion. In the instant case there is no showing that the trial court abused its discretion. The proposed amended complaint proffered by plaintiff did not supply the material allegations which were omitted from the original complaint, and such proposed amended complaint was vulnerable to a general demurrer on each of the grounds upon which the demurrer to the original complaint was sustained.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., concurred.