[Civ. No. 13154.   First Dist., Div. Two.   Jan. 20, 1948.]

GENEVIEVE B. LEONI, Respondent, v. ELMER P. DELANY, as Administrator, etc., Appellant.

304

Frank C. S. Pedersen, Martin J. Jarvis, James A. Himmel and William A. Sullivan for Appellant.

Phillip Barnett and Robert L. Dreyfus for Respondent.

JONES, J. pro tem.—This is an action to recover upon a creditor's claim against the estate of Baltasar Corral. The argument of the appellant upon the rehearing is addressed to the point that the claim is not sufficient to support the complaint and particularly the second cause of action thereof. In this respect it is urged that a contract unenforceable because it is not in writing is presented and that on this account the claim can not be made the basis of a cause of action in any form. The claim is for personal services rendered to the decedent during his lifetime, and which are alleged to be of the reasonable value of $5,000.

The plaintiff filed suit on April 20th, 1944, seeking to recover in two counts. In the first count recovery is sought upon the theory of an express contract, and the second is upon a common count to recover the reasonable value of services rendered. The case was tried before a jury which found for the plaintiff in the sum of $4,000, and from the judgment entered on the verdict the defendant has appealed.

The claim recites: "That on or about the 3d day of December, 1940, claimant and decedent, in his lifetime, entered into an oral agreement that, in consideration of the promise of claimant to marry said decedent at a future date when legally entitled to do so, and in consideration of services rendered, and to be rendered by said claimant, said decedent promised and agreed that, instead of paying claimant in cash for said services current wages, he would leave to claimant all of his property as compensation for the performance of said services, and that he would make claimant the beneficiary of a life insurance policy on his life, in the principal sum of $5,000.00, designating said claimant as beneficiary; that said promises were reiterated and restated by said decedent many times thereafter and that in consideration of said promises, said claimant accepted said offer of marriage aforesaid and agreed to perform certain services on behalf of said decedent, consisting of housekeeping, nursing care and attention,

and that said claimant entered upon the performance of said services on or about December 3, 1940, pursuant to said agreement, and performed the same continuously up to the time of the death of said decedent, which occurred about October 13, 1943, and that said services so performed are of the reasonable value of $5,000.00.''

The plaintiff was barred by section 1880 of the Code of Civil Procedure from being a witness in support of her own claim, but it appears from the testimony of others called as witnesses that she had a home in San Francisco where she lived with her two grown sons. The decedent had a room in the house next to that of her son. He ate his meals at the family table and generally made use of the home. The plaintiff did all of his washing, ironing and mending. The decedent was a seaman by occupation and during the time covered by the claim he sustained a severe injury to his back. On account of this injury he could not work for a considerable period of time. At the time of his injury he was without funds. The plaintiff, however, gave him shelter, bought clothes for him and advanced money for his personal needs. She also nursed him while he was ill and generally cared for him until he was well enough to go to work.

In addition to his point that the complaint does not state a cause of action in either the first or second counts, the appellant urges that the evidence is not sufficient to sustain the verdict, and that the trial court erred in giving and refusing to give certain instructions.

In regard to the sufficiency of the complaint, it is argued that the first count alleges a contract which the law requires to be in writing, and, since it is not, it is unenforceable; that the second count is based upon the same state of facts, and the same claim, and therefore must fall with the first count.

In support of his position the appellant has cited *Rose* v. *Ames,* 53 Cal.App.2d 583 [128 P.2d 65], and *Hays* v. *Temple,* 23 Cal.App.2d 690 [73 P.2d 1248]. ▮ These cases hold that it is proper to sustain a general demurrer to a common count separately pleaded in a complaint where the recovery sought on such count is obviously based on the same set of facts specifically pleaded in another count but which other count fails to state a cause of action. In this respect there is a distinction between a count which fails to state facts sufficient to establish the existence of a contract and one which pleads a contract which is unenforceable because it is not in

writing. ▇ It is the unenforceability of an otherwise valid contract which gives rise to the right of relief through the medium of a common count. ▇ The law contemplates that when one receives a benefit at the expense or detriment of another, he should compensate the latter to the extent of the reasonable value of the benefit received. As is said in *Winder* v. *Winder,* 18 Cal.2d 123, 127 [114 P.2d 347, 144 A.L.R. 935], ''It is the settled law of this state that when continuous personal services are performed under an express agreement for compensation upon termination thereof, which agreement is unenforceable because not in writing (Code Civ. Proc., sec. 1624; Civ. Code, sec. 1973), the reasonable value of the services may be recovered and that the statute of limitations does not commence to run until the termination of the services, which, in such cases, is usually upon the death of the promisor. (*Long* v. *Rumsey,* 12 Cal.2d 334 [84 P.2d 146]; *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84]; *Morrison* v. *Land,* 169 Cal. 580 [147 P. 259]; *Estate of Rohrer,* 160 Cal. 574 [117 P. 672, Ann.Cas. 1913A 479]; *Demattos* v. *McGovern,* 25 Cal.App.2d 429 [77 P.2d 522]; *Burr* v. *Floyd,* 137 Cal.App. (692) 696 [31 P.2d 402]; *Warder* v. *Hutchison,* 69 Cal.App. 291 [231 P. 563]; *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal.App. 178 [188 P. 1034].)'' To the same effect is *Reeves* v. *Vallow,* 16 Cal.2d 95 [104 P.2d 1017]. In the cases of *Hays* v. *Temple* and *Rose* v. *Ames, supra,* relied upon by the appellant, the common counts were based upon the same facts relied on by the plaintiffs to make out a contract. In each case it was held that the count relied upon to establish the contract was fatally defective in that it failed to state sufficient facts to show a contractual relation, and that the common count based upon the same facts must also fall. That is not the question involved here. ▇ Where a contract is merely unenforceable because within the purview of the statute of frauds, an action generally will lie upon a common count.

▇ It is also a well-established principle of law that where a person seeks to recover for services rendered and there is a fair and reasonable doubt as to whether he is entitled to recover upon an express or implied contract, he is entitled to plead a claim upon each and to recover according to the proof. This right to state different causes of action to meet such phases of the evidence as may be fairly and reasonably anticipated is recognized in *Wilson* v. *Smith,* 61

Cal. 209, where the plaintiff was in doubt as to whether he was entitled to recover upon a common count for the reasonable value of services rendered or whether his rights were fixed by an express contract. He pleaded two causes of action, one upon an express contract and the other upon a common count. The court permitted the case to go to the jury upon both counts, and a judgment for the plaintiff was affirmed on appeal. In *Tanforan* v. *Tanforan*, 173 Cal. 270, 273 [159 P. 709], it is said, "But when for any reason the pleader thinks it desirable so to do, as where the exact nature of the facts is in doubt, or where the exact legal nature of plaintiff's right and defendant's liability depend on facts not well known to the plaintiff his pleading may set forth the same cause of action in varied and inconsistent counts with strict legal propriety." (See *Wilkerson* v. *Seib*, 20 Cal. 2d 556, 563 [127 P.2d 904]; *Goldwater* v. *Oltman*, 210 Cal. 408, 423 [292 P. 624, 71 A.L.R. 871]; *Cowan* v. *Abbott*, 92 Cal. 100 [28 P. 213]; *Weintraub* v. *Soronow*, 115 Cal.App. 145 [1 P.2d 28]; *Van Lue* v. *Wahrlich-Cornett Co.*, 12 Cal. App. 749 [108 P. 717].)

In *Ruble* v. *Richardson*, 188 Cal. 150 [204 P. 572] the plaintiff brought an action for the breach of an alleged contract of a decedent to make provision for plaintiff in her will for personal services rendered. The claim of the plaintiff was rejected by the executor and she sued in two counts. The first count was for a recovery upon an alleged breach of the contract, and the second upon a quantum meruit. When the case came on for trial, quoting from the opinion, "Plaintiff thereupon offered to prove by competent testimony other than her own, under the second cause of action, the fact of the rendition of the services to the deceased, and their reasonable value. Defendant objected upon the ground that the second count of the amended complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, and the trial court refused to permit plaintiff to make any proof under the *quantum meruit*." In commenting upon this ruling the court there said: "We think that the trial court was in error in holding that the second count of the complaint did not state a cause of action. (*Morrison* v. *Land*, 169 Cal. 580, 584 [147 P. 259]; *Zellner* v. *Wassman*, 184 Cal. 80 [193 P. 84]; *Grant* v. *Grant*, 63 Conn. 530 [38 Am. St.Rep. 379, 384, 29 A. 15]; *Estate of Kessler*, 87 Wis. 660 [41 Am.St.Rep. 74, 79, 59 N.W. 129].) As to the contention that the claim

did not apprise the executor of the nature of the services rendered, there should be considerable liberality in construing the pleadings where the foundation thereof is a claim against an estate. The facts stated therein should not be too strictly construed, for such a claim need not be drawn with the precision which would render a complaint good against a special demurrer, and its sufficiency is not to be tested by the rules of pleading. (*Doolittle* v. *McConnell*, 178 Cal. 697, 705 [174 P. 305]; *Pollitz* v. *Wickersham*, 150 Cal. 238, 250 [88 P. 911].)''

The primary function of a creditor's claim is to apprise the executor or administrator of the nature of the obligation, and as is said in 11A California Jurisprudence 868, section 616, ''In an action to recover for services rendered, the basis and vital elements of the cause of action are the services performed and the amount due for the services; hence whether the claim is based upon an express contract for an agreed price or on a quantum meruit is not material.'' If the circumstances of the case are such as to indicate a fair and reasonable doubt as to the form of action to be followed, a plaintiff may separately plead both an express agreement to compensate and a common count and recover for his services according to the proof.

Where two causes of action are so pleaded the plaintiff is entitled to introduce evidence upon both causes of action and the decision as to which of them is sustained is a matter for the jury. (*Tanforan* v. *Tanforan, supra.*) If one count is not affected by error and there is substantial evidence to support a verdict with respect to it, it is immaterial that there may have been errors committed in connection with another count or that there is not sufficient evidence to sustain a verdict as to such other count. (*Shields* v. *Oxnard Harbor Dist.*, 46 Cal.App.2d 477, 491 [116 P.2d 121]; *King* v. *Schumacher*, 32 Cal.App.2d 172, 179 [89 P.2d 466]; *Mitchell* v. *Towne*, 31 Cal.App.2d 259 [87 P.2d 908]; *Hume* v. *Fresno Irr. Dist.*, 21 Cal.App.2d 348, 356, [69 P.2d 483]. One count sustained by sufficient evidence and free from error is all that is required to support a verdict. The specifications of error which the appellant has made with reference to giving and the refusal to give certain instructions, all pertain to the first cause of action and are immaterial to the second count.

If there is substantial evidence to support the second

count the judgment must stand. (*McCray* v. *Reese,* 209 Cal. 453 [288 P. 72] ; *McKean* v. *Alliance Land Co.,* 200 Cal. 396 [253 P. 134].) In this regard, all that is needed is to establish the rendition of the services and their reasonable value. In *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84], it was held that the plaintiff was entitled to the reasonable value of his services upon the theory that when a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the party receiving the benefit to pay the reasonable value of whatever has been received under the contract. When the rendition of the services is established, the law implies a promise to pay for the same. The evidence produced by the plaintiff here contains no suggestion of improbability, and if it were opposed, which it is not, it is such probative force that it would create a substantial conflict. It appears ample to support the second count. (*Noland* v. *Noland,* 44 Cal.App.2d 780 [113 P.2d 11].)

The judgment appealed from is affirmed.

Nourse, P. J., concurred.

GOODELL, J.—I dissent.

The court instructed the jury as follows: "You are instructed that a contract, whether written or oral, is an agreement between two or more parties, competent to contract, upon a lawful subject matter with a legal consideration and a mutuality of agreement and obligation. *Such a contract is the one alleged to have been made in this case, and it should be enforced if its terms are established to your satisfaction by the evidence and under the instructions of the court."* (Emphasis added.)

The language just emphasized told the jury that the contract sued on had "a lawful subject matter with a legal consideration" and that, if proved, it should be enforced. The contract pleaded was not only unenforceable because not in writing but was one wherein plaintiff promised to marry decedent "at a future date when legally entitled to do so." Indeed that promise was alleged to be part of the consideration for decedent's promises. At the time when these promises were exchanged the plaintiff was a married woman. She

did not commence divorce proceedings against her husband until after decedent's death.

In *Smith* v. *McPherson*, 176 Cal. 144, 146 [167 P. 875, L.R.A. 1918B 66], a breach of promise case, the court said: "Appellant contends that as the original promise of marriage was given by defendant at the time defendant was a married man and must necessarily rest for its fulfillment upon the basic consideration of securing a divorce, the plaintiff's whole case must fall to the ground. It is unquestionably true that a promise given under such circumstances is against the manifest policy of the law and therefore wholly void (*Noice* v. *Brown*, 39 N.J.L. 133 [23 Am.Rep. 213]; *Paddock* v. *Robinson*, 63 Ill. 99 [14 Am.Rep. 112].) Nor will this court in the slightest modify so salutary a principle." For reasons which appear in the opinion, the language just quoted was not necessary to the decision; the judgment, in plaintiff's favor, was affirmed on other grounds. Although it was but a dictum, there can be no doubt that it is an accurate statement of the law. In *Hilbert* v. *Kundicoff*, 204 Cal. 485, 486 [268 P. 905], the court reaffirmed the rule and cited *Smith* v. *McPherson* approvingly. An annotation at 130 American Law Reports 1011 indicates that it is the prevailing rule and cites numerous cases, including *Smith* v. *McPherson*. The annotator says ". . . the fact that such an agreement encourages divorce is obvious."

Such being the settled law on the subject, it was prejudicial error to instruct the jury that such a contract, based in part on the promise of a married woman to marry "at a future date when legally entitled to do so," was based on a legal consideration.

It should be observed, further, that the contract pleaded in the first count was likewise carried into the second, for the second count by reference pleaded the filing of the creditor's claim, which claim set forth the plaintiff's promise to marry decedent "at a future date when legally entitled to do so."

For these reasons I am constrained to dissent.

A petition for a rehearing was denied February 16, 1948, and the following opinion was then rendered:

JONES, J. pro tem.—The petition for a rehearing fails to recognize that the essence of the claim in this case is the

rendition of personal services. The plaintiff has sued to recover for these services in two counts. In the first count $5,000 is sought to be recovered upon the ground that this amount was expressly agreed to be paid; the second count is for the reasonable value of said services in whatever amount the proof might show such value to be. The jury was instructed with respect to both express and implied contracts, and brought in a verdict for $4,000. This is less than the alleged agreed price and is what the jury found the services to be reasonably worth under the second count.

Nourse, P. J., concurred.

Goodell, J., votes for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied March 18, 1948. Shenk, J., and Edmonds, J., voted for a hearing.