[S. F. No. 3086. Department One.—November 29, 1904.]

ABNER DOBLE COMPANY, Appellant, v. KEYSTONE CONSOLIDATED MINING COMPANY, Respondent.

APPEAL FROM JUDGMENT UPON CROSS-COMPLAINT—ABSENCE OF EVIDENCE AND EXCEPTIONS—PRESUMPTIONS.—Upon appeal by the plaintiff from a judgment rendered in favor of defendant upon its cross-complaint, where the record does not contain the evidence, and shows no objections or exceptions to evidence, all intendments are in favor of the judgment, and it must be presumed that sufficient evidence was introduced to justify the findings and judgment.

ID.—VARIANCE BETWEEN CROSS-COMPLAINT AND FINDINGS—CURE OF DEFECT BY DECISION—WAIVER OF OBJECTION—PRESUMPTION.—Where the cross-complaint claimed damages in a specified sum for breach of a contract with plaintiff, guaranteeing the efficiency of an air-compressor which plaintiff altered, and which was rendered worthless by the alteration, the damage alleged being for the value of its use in the condition in which it was before the alteration, and the court found damage in a less sum for expense incurred by defendant toward making the alteration, and for the cost of restoring it to its original condition, the variance and defect in the pleading must be deemed cured by the decision; and upon an appeal from the judgment, without the evidence, it must be presumed that the damage

found was duly proved at the trial, and that objection to the evidence on account of the variance, which might have been remedied by amendment of the cross-complaint was waived by the plaintiff.

ID.—NON-PAYMENT OF NOTES—DEFECT IN CROSS-COMPLAINT SUPPLIED BY AVERMENTS OF PLAINTIFF.—The failure of the cross-complaint to aver non-payment of notes described therein is not fatal nor ground for reversal of the judgment, where it appears from plaintiff's complaint and bill of particulars, a copy of which was set forth in the answer of defendant, and from plaintiff's answer to the cross-complaint, that such notes were credited as payments upon plaintiff's account, without any claim of any item of payment to be applied upon such notes. Defects in a pleading may be cured by averments in the pleading of the opposite party.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. W. R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Jesse W. Lilienthal, and Frohman & Jacobs, for Appellant.

Edward Lynch, for Respondent.

VAN DYKE, J.—The plaintiff corporation sued the defendant corporation for the sum of $1,527.29 as a balance due for work, material, and money which it furnished said defendant.

The bill of particulars furnished by the plaintiff to the defendant on its demand showed charges amounting to $8,094.27 and credits for cash and allowances of $6,566.98, leaving as a balance the amount sued for.

In the answer and cross-complaint filed by the defendant it is claimed that the charges in the bill of particulars aggregating $4,752.93 were made for reconstructing and transforming the compressor at the Keystone Mine, and that this amount should be disallowed because the plaintiff did not fulfill its contract as to the efficiency which the compressor would have when transformed, as guaranteed by plaintiff, and its alteration had rendered the compressor worthless. It was further claimed by the defendant that the four promissory notes given by said defendant to the plaintiff, amounting to fifty-two hundred dollars, were so given upon a written

agreement that they would be applied upon the amount of goods sold and to be sold to the defendant mining company, and if they should overpay the amount due the plaintiff company the balance was to be repaid to the defendant company at its option, and the defendant alleges that these notes were negotiated and transferred by the plaintiff to the Anglo-Californian Bank, Limited, and that the defendant paid them, except seven hundred and fifty dollars, which it was liable for and would be compelled to pay. Defendant also claimed that it had been damaged to the extent of two thousand dollars by being deprived of the use of a compressor since its alteration, and in said amended cross-complaint defendant demanded judgment against the plaintiff for $3,257.14, with legal interest thereon from May 14, 1895.

In its decision the court found in substance that the transformation of the air-compressor was a failure, and that the plaintiff did not in any particular comply with its contract in that regard, and that defendant advanced to plaintiff three promissory notes amounting to four thousand dollars on the agreement between the parties that the notes should be applied in payment on account for goods sold and to be sold to the defendant, and in the event that they overpaid the account, the balance was to be repaid to the defendant at its option. The court further found that the defendant owed the plaintiff $3,375.09 for goods sold and delivered, and which were not connected with the compressor transaction, and that the defendant had paid and advanced to the plaintiff $6,566.85, leaving a balance due defendant of $3,191.89, which should be returned by plaintiff by virtue of the agreement between the parties already referred to, and that the defendant should have judgment for that amount with interest at the legal rate from May 14, 1895, together with the further sum of $1,046, as damages sustained by the defendant through the failure of the plaintiff to perform its contract. On these findings judgment was entered accordingly on November 23, 1899, in favor of the defendant and against the plaintiff for $5,203.89 and costs.

The plaintiff appealed from the judgment so entered December 8, 1899, upon the judgment-roll. The transcript thereof was filed in this court February 8, 1902. Plaintiff's opening brief on this appeal was filed April 15, 1902; re-

spondent's points and authorities May 23, 1902, and appellant's reply brief June 23, 1902.

In the points and authorities on behalf of appellant the greater portion is devoted to the consideration of the alleged error in awarding judgment to the defendant in excess of the amount demanded in the prayer of the amended cross-complaint. The prayer was for judgment in the sum of $3,257.14, with legal interest thereon since May 14, 1895, amounting at the date of the entry of the judgment to the sum of $4,289.65, whereas the judgment in fact as entered was for $5,203.89.

By a supplement to the transcript herein, filed January 5, 1903, it appears that after the entry of the judgment under consideration the plaintiff moved for a new trial in the court below, whereupon said court, upon said motion coming on to be heard, granted an order that, unless defendant should consent to a reduction of the judgment to the sum of $3,257.14, together with interest thereon at the rate of seven per cent per annum from May 14, 1895, and costs of suit, a new trial would be granted, and that defendant thereupon consented to such a reduction, and accordingly said superior court made and caused to be entered an order making said reduction in the judgment theretofore entered, and directing the clerk of said court to enter said reduction in the judgment-book and make appropriate reference to said correction, and that plaintiff's motion for a new trial was thereupon denied. The stipulation contained in said supplement to the transcript shows that the said reduction was thereupon entered in the judgment-book of said court on November 26, 1902, and on December 24, 1902, plaintiff filed and served its notice of appeal from said judgment as modified, and gave an undertaking on appeal in due form. And it was further stipulated that, in order to avoid the necessity of printing again the matter already appearing in the transcript filed on appeal from the judgment before its reduction, that said transcript might stand for the transcript on appeal from the judgment as reduced, together with the matter contained in the stipulation, and that it be considered together with the briefs already filed and the oral argument which counsel might desire to make, and that, as the superior court had already reduced the judgment to the amount demanded in the amended cross-complaint and answer, "the appellant withdraws his objection

to said judgment on the ground that it exceeded the amount demanded in the amended cross-complaint and answer, and which said objections are contained in points I and II of its opening brief, and no objections are made to the form of the order or manner of entry of the same reducing said judgment.''

Point III of appellant's brief is the only remaining portion applicable to the appeal from the judgment as modified, and this is based upon the contention that the amended cross-complaint furnishes no basis for the judgment. It is objected on the part of appellant that there is a variance between the finding and the pleadings, in that it is alleged in the amended cross-complaint that the defendant was damaged in the sum of two thousand dollars, being the value of the use of the air-compressor in the condition it was prior to the making of the alteration by the plaintiff, whereas the finding is, that his damage was for money expended for railroad freight, costs of hauling material, brick, and for labor used in transforming the compressor, and for the cost of restoring it to its original condition. Further, it is claimed that there is no averment in the amended cross-complaint of the non-payment of the sums of money claimed to be due defendant from plaintiff.

There is no bill of exceptions or statement brought up in the transcript. The respondent in his brief states that a bill of exceptions containing the testimony and part of the documentary evidence given at the trial—and some of an important character to respondent—was taken away from the clerk's office by the plaintiff in October, 1899, and by said plaintiff claimed to have been lost. However that may be, there is nothing now before the court showing that any objection or exception was made to any of the evidence introduced at the trial, and we must presume, therefore, that sufficient evidence was introduced to justify the findings and judgment, as all presumptions and intendments are in favor of the judgment. ''No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the court may order the pleading to be amended, upon such terms as may be just.'' (Code Civ. Proc., sec. 469.) ''No judgment, decision, or decree shall be

reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown." (Code Civ. Proc., sec. 475.) "It is unfair for a party to withhold an objection founded upon a defect, which, if pointed out in time, might be remedied, until it is too late to correct the defect, thereby inducing an opponent to rely upon his pleading as sufficient in order that he may have a fatal objection. Such course is a fraud upon justice and prevents a fair trial. It is therefore not tolerated." (*Greiss* v. *State Investment etc. Co.*, 98 Cal. 242.) In *Treanor* v. *Houghton*, 103 Cal. 54, it is said: "That the omission in the complaint would have been fatal in the face of a special demurrer is settled by the cases quoted *supra*, and by many others to which we might refer. The question, however, is, Can appellant after verdict raise the question here for the first time?" Then, after quoting from Chitty on Pleading, this court continues: "The difficulty experienced in many cases of this character is to determine whether or not the omitted fact or facts were proven at the trial. In the present instance we are met with no difficulty of this character. The cause having been tried by the court, and the facts found, it appears affirmatively by the record that what was omitted in the complaint was supplied without objection at the trial." And the same may be said in reference to the case at bar, as already stated. In Chitty on Pleading (vol. 1, p. 705), quoted in *Treanor* v. *Houghton*, the rule is stated as follows: "The second mode by which defects in pleading may be in some cases aided, is by intendment after verdict. The doctrine upon this subject is founded upon the common law, and is independent of any statutory enactments. The general principle on which it depends appears to be that where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet, if the issue joined

be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is *cured by verdict.* The expression *cured by verdict* signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings was duly proven at the trial."

If the portion of the cross-complaint relating to the amount claimed to be due from the plaintiff to the defendant by reason of the three notes executed by defendant to the plaintiff for its accommodation is defective because of the failure to allege non-payment of the amount the defendant claims to be due, that defect is sufficiently disposed of by the original complaint, and the plaintiff's answer to the cross-complaint, taken in connection with the copy of the plaintiff's account set forth in the defendant's answer. These pleadings show that the plaintiff sues for a balance alleged to be due plaintiff on an account which includes as credits to the defendant the three notes referred to, they being credited as payments on the account; that they were accepted as payments, and that the plaintiff, in fact, claims that, after crediting the same, there still remained due plaintiff the balance sued for, and does not claim that there should have been any items in the account for any supposed payment of the amount claimed in the cross-complaint; in other words, that the plaintiff does not really claim that there ever was any such payment to be denied by a formal allegation of non-payment. The alleged error is therefore without substantial merit, and would by no means justify a reversal of the judgment. It is a familiar rule that defects in a pleading may be cured by averments in the pleadings of the opposite party. (*Vance* v. *Anderson,* 113 Cal. 536; *Daggett* v. *Gray,* 110 Cal. 172; *Schenck* v. *Hartford etc. Ins. Co.,* 71 Cal. 28; *Cohen* v. *Knox,* 90 Cal. 266; Pomeroy on Remedies and Remedial Rights, sec. 579.)

The judgment as modified is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.