[L. A. No. 17406.   In Bank.—August 22, 1940.]

CLARA REEVES, Respondent, v. JESSE A. VALLOW, as Administrator, etc., Appellant.

Edwin J. Miller and Samuel H. Peck for Appellant.

S. S. Hahn and W. O. Graf for Respondent.

SHENK, J.—The plaintiff sued the defendant administrator of the estate of John Fletcher Kratzer, deceased, on a creditor's claim for $30,500. The jury returned a verdict for the plaintiff in the sum of $25,000. The defendant appealed from the judgment entered on the verdict. The jury found for the defendant on a second cause of action for a small sum of money alleged to have been advanced by the plaintiff to the decedent. No appeal was taken from the judgment entered on the latter verdict.

The plaintiff filed an original and an amended claim against the estate. The original was "For Services rendered per contract as companion, nurse, and assistant to the deceased which constituted caring for deceased's financial affairs, and nursing deceased during his life time; that said services were ren-

dered at the special instance and request of the deceased and were continuous from May 1st, 1928, to March 7th, 1936, $20,000.00.'' The amended claim was in the same form with the exception that the amount claimed was $30,500. The administrator took no action on the amended claim within ten days. The claimant elected to consider the claim rejected and brought the present action to recover the amount thereof.

The complaint sets forth that in his lifetime and on May 1, 1928, the decedent moved into the plaintiff's home and thereafter lived with the plaintiff until his death on March 7, 1936; that on said May 1, 1928, the decedent requested the plaintiff to care for him, assist him in his business and act as companion and nurse to him as long as he lived; that he stated he would richly compensate her for her labors; that in 1931 he told her that he would give her $20,000, payable upon his death and out of his estate, and the further sum of $100 per month until distribution thereof; that in 1935 the decedent agreed to deliver to the plaintiff in addition to the $20,000, a house of the value of $10,500. The complaint alleges performance on the plaintiff's part and that the reasonable value of the services was the sum of $30,500.

The defendant answered and pleaded as special defenses the statute of limitations (sec. 339, subd. 1, Code Civ. Proc.), and the statute of frauds (sec. 1624, subd. 6, Civ. Code).

The defendant contends that, inasmuch as the alleged contract was oral, the plaintiff was limited to recovery, if at all, of the value of services performed within two years prior to the death of Mr. Kratzer. He also contends that there is a fatal variance between the claim and the complaint, and that neither the claim nor the complaint states a cause of action. The defendant did not demur to the complaint. The trial was had upon the theory that the plaintiff had stated a cause of action for the reasonable value of continuing services performed by the plaintiff at the special instance and request of the decedent, which were to be paid for at the termination of the services, in this case, at the death of the decedent, for which payment was not furnished nor provided. That recovery may be had for the reasonable value of such continuing services, as distinguished from the contract price therefor, and that when payment is to be made at the death of the promisor the statute of limitations does not begin to run until

the termination of the services by his death, is well settled in this state. (*Long* v. *Rumsey*, 12 Cal. (2d) 334, at 342 [84 Pac. (2d) 146], with cases cited; *Hagan* v. *McNary*, 170 Cal. 141 [148 Pac. 937, L. R. A. 1915E, 562].) ■ If the evidence is sufficient to support the cause of action for the reasonable value of the continuing services, it is now too late for the defendant to object to any formal deficiencies in the claim or in the statement of the cause of action. Both were sufficient to apprise the administrator of the general nature of the claim and the cause of action upon which the plaintiff would be entitled to rely under the foregoing authorities. (*Syler* v. *Katzer*, 12 Cal. (2d) 348 [84 Pac. (2d) 137, 119 A. L. R. 422]; *Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 Pac. 84].)

Prior to 1918, John Fletcher Kratzer and his wife lived in Des Moines, Iowa, where he manufactured and sold buggies. In that year he came to California with his wife and his fortune, and in 1920 settled in Hollywood in the home of his nephew, Charles Kratzer. Mr. Kratzer thereupon engaged in the business of lending money and buying and selling real estate.

In 1918 the plaintiff, Clara Reeves, also came to California from the middle west where, at least until 1902, she had resided with her husband, a son and a daughter. In California Mrs. Reeves commenced the business of selling cosmetics. After she met the Kratzers, which was during or prior to 1920, she was a frequent visitor at their home, and they assisted her financially.

In 1926 Mrs. Kratzer died. The nephew, Charles Kratzer, removed to Lemoore, California, and the elder Kratzer lived in hotels until 1928. In that year he suffered injuries in an automobile accident and went to the plaintiff's home in Hollywood. The plaintiff and Mr. Kratzer later occupied a house owned by Mr. Kratzer, located on Taft Avenue in Hollywood, where Mrs. Reeves continued to live and which she managed, continuing such management and the care and nursing of the decedent until his death in March, 1936. At the time of his death, Mr. Kratzer was eighty-four years of age and Mrs. Reeves was seventy-two.

By an amendment to the complaint proposed by the plaintiff and allowed during the course of the trial, the copy of a will which was annexed to the original complaint and made a

part thereof, and the allegations of the complaint referring to such will, were deleted from the complaint. It nevertheless appeared in evidence introduced by the plaintiff that Mr. Kratzer executed before witnesses a will in March, 1931, in which he bequeathed $20,000 to Mrs. Reeves and provided for payment to her of $100 per month until payment of the legacy, and that in 1934 the will was destroyed. Mr. Kratzer died without making another will. It also appeared by the plaintiff's evidence received over the defendant's objection that in 1934 Mr. Kratzer transferred by assignment to Mrs. Reeves a $38,000 note and deed of trust on improved real property. Ever since the assignment to her of the deed of trust, Mrs. Reeves has received the interest therefrom amounting to $158 a month. The evidence as to whether the decedent intended to buy for or deed to Mrs. Reeves any residence as her home was sharply conflicting. It is not questioned, however, that during the period involved Mrs. Reeves also received from Mr. Kratzer sums of money for her own use in excess of $4,300, and in addition many gifts of furniture, rugs, a piano and an automobile.

The defendant sought to introduce in evidence the copy of the will originally annexed to the complaint, for the benefit of the inference which it might afford that the $20,000 legacy therein to Mrs. Reeves was intended as a gift rather than as compensation for her services. The copy contained the following statement: "I have been residing with Clara Reeves and all sums due her are paid except for the current month." This appeared with a declaration in the will of the decedent's assets and liabilities. The court sustained an objection to its introduction on the ground that the declaration of the decedent therein was self-serving.

The complaint as originally filed, with the allegations referring to the copy of the will annexed thereto as an exhibit, was verified by the plaintiff. By striking out the allegations of the complaint referring to the will and the copy annexed thereto, and by introducing evidence of the execution of the will and its later destruction and testimony of a portion of its contents, the plaintiff sought to present to the jury only the inferences therefrom which were favorable to her. But inasmuch as the plaintiff's witnesses had testified to a portion of the contents of the will, the defendant was entitled to introduce the entire copy of the will for the purpose of re-

butting the inferences sought to be attributed to it by the plaintiff. The plaintiff was not entitled to rely on a portion of the will as proof of the decedent's intent ·in her favor, if a different intent was discoverable when the entire will was considered. That the statements relied on by the defendant might have been self-serving declarations of the decedent was immaterial. ■ The plaintiff had verified the allegation that the copy sought to be introduced by the defendant was a copy of the will of the decedent upon which she was relying. She had vouched for its authenticity as a copy thereof. That authentication was an admission against her interest, and the copy was admissible as against her to the end indicated.

The plaintiff sought to rebut the inference that the $38,000 note and deed of trust assigned to her about the ,time the will was destroyed was intended by the decedent as performance of any promise to richly compensate her. She introduced evidence that she gave valuable consideration for the assignment. It appeared that she delivered to Mr. Kratzer $6,000 worth of Edison Company stock. There was testimony that the balance of the valuable consideration consisted of ''cash''. However, no receipts or other tangible evidence, direct or circumstantial, was produced to show that anything in addition to the Edison Company stock was given to Mr. Kratzer by the plaintiff.

■ On direct examination the defendant was asked about the physical appearance of Mr. Kratzer. He testified that Mr. Kratzer's height was six feet one, that he weighed about 190 pounds, had white hair and mustache, was straight as a ramrod, a very dignified and fine-looking man, was sparsely built and not inclined to overweight, and who walked so briskly that on many occasions the defendant had to exert himself to keep up with him. On cross-examination he was asked whether Mr. Kratzer was mentally sound up to the time of his last illness. The question was objected to on the ground that it was improper cross-examination and not relevant to any issue in the case. The court overruled the objection and the defendant answered that so far as he knew the decedent was mentally sound, but that he had not seen him during his last illness. After some further cross-examination on the same subject, purportedly to impeach the defendant in respect to such testimony, the plaintiff introduced a complaint filed by the defendant herein as plaintiff in an action against Mrs.

Reeves. In that action, brought subsequent to the commencement of the present action, the administrator sought to have the court set aside the assignment to Mrs. Reeves of the $38,000 note and deed of trust on the ground that no consideration was given therefor and that at the time of the transaction the decedent was mentally incompetent to comprehend the nature thereof. The introduction of that complaint in evidence was objected to on the ground that the testimony on cross-examination and the complaint were not relevant to any issue in the action and that the complaint was therefore improper impeaching evidence. The objection was overruled.

The defendant also assigns as prejudicial error the rulings of the court admitting in evidence the assignment to the plaintiff of the $38,000 note and deed of trust and the complaint in the action against Mrs. Reeves, contending that the issues relating to the consideration for the note and deed of trust and the mental capacity of the decedent were not involved in the action then before the court.

The rulings were erroneous. Neither the assignment nor the consideration therefor, nor the mental capacity of the decedent, were issues in this case. Furthermore, the defendant on direct examination had not testified concerning the mental capacity of the decedent. It is apparent from the record that the only purpose of the improper cross-examination was to lay a foundation whereby the complaint in the other action could be brought to the jury's attention. The reading of that complaint in evidence was calculated to, and undoubtedly did, have the effect of inculcating a belief that the plaintiff might not receive compensation for services for which she was entitled to be paid unless she were awarded a substantial verdict in the present action. ■ The defendant offered evidence of the mental incapacity of the decedent to comprehend the nature of the transaction at the time of the assignment of the note and deed of trust to Mrs. Reeves. The plaintiff's objection to this offer was sustained. That ruling was also erroneous. The court permitted the plaintiff to introduce evidence of the assignment of the note and trust deed and testimony that the assignment was for a valuable consideration, while it denied permission to the defendant to make a contrary showing on that question or to introduce evidence on the question of the decedent's mental capacity in respect to that transaction. When evidence of the assignment was

brought into the case, the jury should also have been given the opportunity to consider all the evidence on both questions. The contention that the rulings were not prejudicial cannot be sustained. There was evidence of admissions by the plaintiff that everything she had, she received from Mr. Kratzer; also that the note and trust deed were accepted by her in fulfilment of his promise to richly compensate her. It becomes manifest that, had the jury been permitted to hear all the evidence relating to the assignment of the note and deed of trust, the verdict might have been for the defendant. A consideration of the entire record compels the conclusion that the erroneous rulings were prejudicial.

It is unnecessary to refer to other claimed erroneous rulings in the admission or rejection of evidence, or in the giving or refusal to give specified instructions to the jury. It may be assumed from what has been said that any erroneous rulings will not be repeated on a retrial.

The judgment is reversed.

Carter, J., Houser, J., Curtis, J., and Gibson, C. J., concurred.

EDMONDS, J., Concurring.—I concur in the order of reversal but am of the opinion that, for the reasons stated by me in *Syler* v. *Katzer*, 12 Cal. (2d) 348, 350 [84 Pac. (2d) 137, 119 A. L. R. 422], it should include directions to the superior court to dismiss the action.

The claim sued upon specified that $30,500 was due ''for services rendered per contract as companion nurse, and assistant to the deceased, which constituted caring for deceased's financial affairs, and nursing deceased during his lifetime; that said services were rendered at the special instance and request of the deceased from May 1, 1928, to March 7, 1936''. It does not assert, as the complaint based upon it alleges, that the services were rendered under any continuing contract, or that Mr. Kratzer agreed to give plaintiff $20,000 payable upon his death, or provide for her in his will.

If either of the agreements pleaded in the complaint was made and services were rendered in consideration of it, the claim should have so stated. But the respondent has pleaded a cause of action and offered evidence thereon which is entirely different from that asserted in her claim.

It is true that the administrator did not demur to the complaint, but at the commencement of the trial his counsel objected to the introduction of any evidence to prove its allegations upon the ground that the complaint does not state a cause of action. At the same time, counsel moved for judgment upon the pleadings, calling attention to the variance between the claim and the allegations of the complaint. Under these circumstances, I cannot agree with the conclusion of my associates that "it is now too late for the defendant to object to any formal deficiencies in the claim or in the statement of the cause of action".

It is settled law that a claimant against an estate may only recover upon the cause of action stated in his claim. Obviously, a recovery upon grounds entirely different from those specified in the claim would be directly contrary to the purpose of such claims, which is to safeguard the property of decedents and require a claimant to submit the particulars of any indebtedness which he asserts against an estate before bringing suit.

Rehearing denied. Edmonds, J., and Houser, J., voted for a rehearing.