[Civ. No. 18478. Second Dist., Div. Three. Dec. 11, 1951.]

ROBERTA K. TONEY, Appellant, v. SECURITY FIRST NATIONAL BANK OF LOS ANGELES et al., Respondents.

162

Eugene V. McPherson for Appellant.

Church, Church & Howard and Charles F. Howard for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered pursuant to an order sustaining defendants' demurrer to plaintiff's third amended complaint (called the complaint) without leave to amend. The action is on a creditor's claim.

The complaint alleges that plaintiff duly presented a claim for $13,400 to defendants, as administrators of the estate of

Charles Taylor, which was rejected. The claim, in pertinent part, reads:

"Medical, nursing and housekeeping care provided for Charles Stuart Taylor during years 1940, 1941 and 1942 under agreement by said Charles Stuart Taylor to pay for saic care prior to death ................................$5,400.00

"Agreement by Charles Stuart Taylor to put children of Roberta K. Toney and John Toney through college when they were ready to go; said agreement made during the years 1941 and 1942 ..............................$8,000.00"

The complaint also alleged that: about May 1, 1940, while plaintiff was gainfully employed, decedent Taylor promised her that if she would take care of the crippled minor son of decedent and render to him (the son) the nursing care required during his then illness, and continue such nursing and care until such time as the son recovered, he (Taylor) would make a will leaving plaintiff a sufficient sum to compensate her for her work and labor, and that decedent also promised plaintiff he would make a will leaving to plaintiff, for the education of her two minor children, sufficient sums to educate them through college; plaintiff quit her employment and rendered the services as required during 1940-1941 and parts of 1942 until the son no longer required nursing and care; about July 15, 1942, decedent told plaintiff he had made a will, under the terms of which she would receive $13,400 for the services; the reasonable value of the services is $13,400.

It was also alleged that: about July 15, 1942, decedent falsely and fraudulently represented to plaintiff that he had prepared a will leaving her $13,400; decedent knew the representation was untrue; plaintiff relied on it; she had no method of knowing or discovering that it was false; she continued to rely on the representation; on the death of Taylor August 27, 1949, she discovered for the first time that he had not made a will but had died intestate.

Respondents first assert that the cause of action alleged varies materially from that set forth in the claim. They say that the claim is based on an express agreement and that the complaint is based upon an implied-in-law agreement. The claim and the cause of action alleged in the complaint are

based on the assertion that decedent when he died was indebted to plaintiff in the sum of $13,400.

As said in *Tabata* v. *Murane,* 24 Cal.2d 221, 229 [148 P.2d 605], "The claim and each of the three causes of action alleged in the complaint are based upon the assertion that decedent when he died was indebted to plaintiff in the sum of $21,115.62, and the claim reasonably apprised defendant of the fact that plaintiff claimed that the decedent, at the time of his death, held money in trust for, or was indebted to, plaintiff in the sum of $21,115.62. If defendant wished further details to enable him better to determine the justice or accuracy of the claim or what, if any, portion thereof was barred by the statute of limitations, it was for him to demand a more complete statement and proof. The statute contemplates such procedure. (See Prob. Code, § 705; *Syler* v. *Katzer* (1938), 12 Cal.2d 348, 350 [84 P.2d 137, 119 A.L.R. 422]; *Reeves* v. *Vallow* (1940), 16 Cal.2d 95, 98 [104 P.2d 1017].) In *Davis* v. *Mitchell* (1930), 108 Cal.App. 43, 50 [290 P. 887], it was held that there was 'no sufficient variance between the cause of action alleging a book account, and the claim based upon the reasonable value of the services rendered, to defeat' the action of plaintiff there. And as stated by the court in *Lundberg* v. *Katz* (1941), 44 Cal.App. 2d 38, 42 [111 P.2d 917], in upholding a recovery upon *quantum meruit* although the claim asked compensation in an assertedly agreed sum, 'if the cause of action is substantially based upon the claim, and the estate has not been placed in a position of disadvantage as by lack of opportunity without additional expense, to pay or compromise the claim, the action may be maintained. The strict rule . . . that a claimant may recover only when the cause of action specifically follows the claim, has been modified.' (See, also, *Warder* v. *Hutchison* (1924), 69 Cal.App. 291 [231 P. 563]; *Colwell* v. *Gardner* (1932), 126 Cal.App. 403, 405 [14 P.2d 825]; *Gardiner* v. *Burket* (1935), 3 Cal.App.2d 666, 668 [40 P.2d 279].)" (See, also, *Reeves* v. *Vallow,* 16 Cal.2d 95 [104 P.2d 1017], and particularly the concurring opinion of Mr. Justice Edmonds in which the claim and the complaint are stated, and *Leoni* v. *Delany,* 83 Cal.App.2d 303, 309 [188 P.2d 765, 189 P.2d 517].)

*Etchas* v. *Orena,* 127 Cal. 588 [60 P. 45], which held that inasmuch as the claim made no reference to the decedent's promise to make payments for the services in her will, the

plaintiff could not rely on such promise, and like cases were expressly overruled in the Tabata case. ■ We are of the opinion that the cause of action alleged in the complaint is not so widely divergent from the claim that it can be said the complaint does not state a cause of action for that reason.

■ The cause of action alleged is not barred by the statute of limitations as asserted by respondents. ■ An action upon a contract, obligation, or liability, not evidenced by an instrument in writing, is barred two years after the cause of action accrues. (Code Civ. Proc., § 359, subd. 1.)

■ Where an oral agreement to leave property by will is in compensation for services rendered, or to be rendered, and hence unenforcible under the statute of frauds, the remedy is in *quantum meruit* for the value of the services rendered. ( See cases cited 23 West's Cal. Dig. 628, § 138 (4).)

■ When an express oral agreement to compensate for services by will is not fulfilled, the law implies a promise to pay their reasonable value. (*Manford* v. *Coats,* 6 Cal.App.2d 743, 748 [45 P.2d 395].) The recovery is not on the oral agreement but on the agreement which the law implies upon the failure to perform the oral agreement. The agreement implied by law does not arise until the day of death of decedent. ■ The cause of action accrues at that time and the statute of limitations does not begin to run until that time. (*Warder* v. *Hutchison,* 69 Cal.App. 291, 296 [231 P. 563].) Taylor died on August 27, 1949. As the third amended complaint (the original complaint is not in the record) was filed December 5, 1950, the original complaint was filed within the statutory period.

*De Mattos* v. *McGovern,* 25 Cal.App.2d 429 [77 P.2d 522], and *Murdock* v. *Swanson,* 85 Cal.App.2d 380 [193 P.2d 81], cited by respondents, are not in point. De Mattos was a suit in equity for specific performance. The court expressly stated that the remedy for breach of an oral agreement to make a will is one in *quantum meruit* for the value of the services rendered. In Murdock the court held that the causes of action attempted to be alleged were equitable and not for the reasonable value of services rendered.

■ It is argued that an obligation to pay the reasonable value of services rendered will not be implied by law because the services alleged to have been rendered were not performed for the direct benefit of decedent or for any person whom he owed a legal duty to support. The allegations are that the services performed were nursing and care of the

crippled minor son of decedent during his (the son's) illness. Decedent owed a legal duty to support his minor son. (Civ. Code, § 196; 20 Cal.Jur. 415, § 14.)

"On appeal from a judgment sustaining a demurrer to a complaint the allegations of the complaint must be regarded as true. The court must, in every stage of an action, disregard any defect in the pleadings which does not affect the substantial rights of the parties. (Code Civ. Proc., § 475.) 'Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears.' (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 42 [172 P.2d 867].) All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. (*Tristam* v. *Marques*, 117 Cal.App. 393, 397 [3 P.2d 947].) 'In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.' (*Matteson* v. *Wagoner*, 147 Cal. 739, 742 [82 P. 436].) In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. (*Buxbom* v. *Smith*, 23 Cal.2d 535, 542 [145 P. 2d 305]; *Gerritt* v. *Fullerton U. H. School Dist.*, 24 Cal.App.2d 482, 486 [75 P.2d 627].) 'While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrased by technicalities, strict rules of construction, or useless forms.' (*Buxbom* v. *Smith*, 23 Cal.2d 535, 542 [145 P.2d 305].)'" (*Hardy* v. *San Fernando Valley C. of C.*, 99 Cal. App.2d 572, 577-81 [22 P.2d 314].)

In an action of this character to recover for services rendered, the vital elements of the cause of action are: the services performed, an oral promise to compensate by will, the failure to perform the promise, the reasonable value of the services, and failure to pay. (*Leoni* v. *Delany*, 83 Cal. App.2d 303, 309 [188 P.2d 765, 189 P.2d 517].) While

the complaint is inartificially drawn and is far from a model pleading, it contains these vital elements and under the rules set forth states facts sufficient to constitute a cause of action.

■ Denial of leave to amend was an abuse of discretion even if the demurrer on the ground of uncertainty was well taken. (*Hancock Oil Co.* v. *Hopkins,* 24 Cal.2d 497, 510 [150 P.2d 463].) While the complaint contains surplusage, it is not uncertain in the respect set forth in the demurrer— whether plaintiff relies on a specific contract for a stipulated compensation or an implied contract for the reasonable value of services rendered. Obviously she relies on the latter.

The judgment is reversed with directions to overrule the demurrer and permit defendants to answer.

Shinn, P. J., and Wood (Parker), J., concurred.