[Civ. No. 24170.   Second Dist., Div. One.   Dec. 30, 1959.]

NELLA JOHNS, Respondent, v. AGNES TUTTON COLE-MAN, as Administratrix, etc., Appellant.

Watson, Hart & Mieras, Montgomery G. Rice and Leon U. Everhart for Appellant.

Boyle, Atwill, Mardian & Stearns for Respondent.

WOOD, P. J.—This is an action upon a creditor's claim which was rejected by the administratrix of a decedent's estate. In a nonjury trial judgment was for plaintiff for $2,800. Defendant appeals from the judgment. The record on appeal consists of the clerk's transcript only.

Appellant contends that the alleged cause of action is barred by the statute of frauds in that the complaint alleges, and the rejected claim is based upon, an express oral contract to make a provision in a will to pay for services rendered. Appellant also contends that the complaint shows that the greater part of the services was rendered before the oral contract was made in 1954, and that the action for that part of the services, and for all other services rendered prior to two years before this action was commenced in 1958, are barred by the two-year statute of limitations. Another contention of appellant is that the claim was not a sufficient basis for an action upon the theory of reasonable value of services rendered in that the claim was not based upon the reasonable value of services (but was based upon an express oral contract). Also, appellant contends that the findings as to reasonable value of services do not support the judgment.

Respondent (plaintiff) asserts that although the "basis of the action is an express oral contract to pay for personal services by will," and although such a contract is invalid under the statute of frauds, the action is one to recover the reasonable value of services upon a promise implied by law.

The complaint alleged, as follows: From approximately October 1, 1950, to October 16, 1957, plaintiff performed services at the request of Lillie S. Draper, now deceased, in that plaintiff did all of said decedent's laundry and a portion of her housework and gardening. About October, 1954, Mrs. Draper agreed with plaintiff that in consideration of plaintiff's continuing these and other services, hereinafter set forth, and assisting her with her daily activities, she (Mrs. Draper) would, upon her death, make suitable reimbursement in her will for plaintiff's services; and plaintiff, relying upon said agreement, continued to perform the services hereinbefore and

hereinafter mentioned. From the date of said agreement until Mrs. Draper's death, plaintiff continued to do Mrs. Draper's laundry and a larger part of her housekeeping and gardening; and plaintiff continuously assisted her "with her transportation" to and from various places of business such as the market, bank, and offices of her doctor and attorney. On September 12, 1957, Mrs. Draper suffered a stroke and was removed to plaintiff's residence where she remained until her death on October 16, 1957, during which period of time plaintiff cared for, nursed, and fed her. Said services were performed under said agreement with Mrs. Draper, who knew that plaintiff was performing the services under the agreement and with the expectation that she would be compensated therefor. On numerous occasions after the making of the agreement, Mrs. Draper reaffirmed her agreement to compensate plaintiff for the services she had performed, and the services she was then performing and would continue to perform; and at all times plaintiff relied upon the agreement and performed the services in accordance therewith. Mrs. Draper did not execute a last will, and hence made no provision of any nature to compensate plaintiff for the services she had performed in reliance upon said agreement. During the lifetime of Mrs. Draper and as more specifically set forth herein, plaintiff, at the special instance and request of Mrs. Draper, performed services for her, and that the reasonable value of all of said services is $5,000; no part thereof has been paid, and said amount is due to plaintiff and is unpaid. Defendant is the administratrix of the estate of said decedent. The first publication of notice to creditors was made on December 13, 1957. On April 9, 1958, plaintiff presented her claim to said defendant, as such administratrix, a copy of which claim is annexed to and made a part of the complaint. On May 23, 1958, the defendant rejected the claim.

The part of the creditor's claim, which was in a column under the heading, "Description of Item," recited as follows:

"For services rendered decedent from about October 1, 1950, to date of death by creditor at the special "instance and request of decedent and upon the promise of decedent to provide for creditor in decedent's Will; to wit, laundering, cleaning, repair and garden work at decedent's residence, transportation to and from doctor, dentist, bank, market, department stores, attorneys, hair dresser, and dress maker, and, from September 18, 1957 to date of death, full-time nursing, feeding and housing of decedent in creditor's home."

The part of the creditor's claim, which was in another

column under the heading, "Amount Claimed," recited as follows: "$5,000.00."

The answer of defendant denied the allegations of the complaint, except those relating to the appointment of defendant as administratrix, the publication of notice to creditors, and the presentation and rejection of the claim. The answer also alleged that the complaint did not state facts sufficient to constitute a cause of action; and that the claim was barred by the statute of limitations and the statute of frauds.

Some of the findings were as follows: From approximately October 1, 1950, to and including October 16, 1957, plaintiff continuously performed services at the special instance and request of decedent. Said services included laundering, housework, cleaning, house repair and maintenance, gardening, marketing, preparation of food, and, near the end of said period, full time nursing, feeding and caring for decedent. All of said services were rendered to decedent by plaintiff at the special instance and request of decedent, and upon the oral promise of decedent that in consideration of said services she would upon her death make suitable reimbursement in her last will to plaintiff. Said services were performed continuously by plaintiff under said agreement, and that at all times the decedent knew that plaintiff was performing the services under said agreement and with the expectation that plaintiff would be compensated, and the decedent accepted the rendering of the services with the intention to compensate plaintiff therefor in her last will. Plaintiff received no compensation from decedent or any other source for said services during the lifetime of the decedent. Mrs. Draper died intestate on October 16, 1957; she did not execute a last will and hence made no provision to compensate plaintiff for said services. The reasonable value per hour of the services performed by plaintiff was at least $1.25. Plaintiff expended a considerable number of hours in the performance of the services. The reasonable value of all the services rendered by plaintiff to Mrs. Draper is $2,800. The claim was not barred by the statute of limitations or the statute of frauds.

The court concluded that plaintiff is entitled to recover $2,800 as the reasonable value of services rendered to Mrs. Draper during her lifetime.

As above indicated, appellant contends that the alleged cause of action is barred by the statute of frauds. Section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure, referred to as the statute of frauds, provide that certain contracts are invalid, unless the same, or some note or

memorandum thereof, is in writing and subscribed by the party to be charged or his agent. One of such contracts, so referred to in those sections, is "[a]n agreement which by its terms is not to be performed during the lifetime of the promisor, or an agreement to devise or bequeath any property, or to make any provision for any person by will." (Subdivision 6 of said sections.)

In the present case, since the alleged agreement was not in writing and there was no note or memoradum thereof, it was not enforcible. "Where an oral agreement to leave property by will is in compensation for services rendered, or to be rendered, and hence unenforcible under the statute of frauds, the remedy is in *quantum meruit* for the value of the services rendered." (*Toney* v. *Security-First Nat. Bank,* 108 Cal.App.2d 161, 166 [238 P.2d 645].) "When an express oral agreement to compensate for services by will is not fulfilled, the law implies a promise to pay their reasonable value. [Citation.] The recovery is not on the oral agreement but on the agreement which the law implies upon the failure to perform the oral agreement." (*Ibid.*) It thus appears that even though the agreement in the present case was unenforcible by reason of the statute of frauds, the plaintiff was entitled to seek recovery of the reasonable value of the services rendered. The complaint herein alleged that plaintiff, at the special instance and request of decedent, performed services for decedent and that the reasonable value of all the services was $5,000.

As above stated, appellant also contends that the action for all services rendered prior to two years before this action was commenced in 1958 (i.e., services rendered from October 1, 1950, to August 3, 1956) was barred by the two-year statute of limitations. The theory of the present action is, as above indicated, that the law implies a promise to pay the reasonable value of the services rendered. Where an express oral agreement to compensate for services by will is not fulfilled, the "agreement implied by law [to pay the reasonable value of the services] does not arise until the day of death of decedent. The cause of action accrues at that time and the statute of limitations does not begin to run until that time." (*Toney* v. *Security-First Nat. Bank, supra,* 108 Cal.App.2d 161, 166 [238 P.2d 645].) In the present case, the action was commenced on August 3, 1958, which was within two years after the death on October 12, 1957. The action was not barred by the statute of limitations.

■ A further contention of appellant is that the claim was not a sufficient basis for an action upon the theory of reasonable value of services rendered. She argues to the effect that the claim does not state that it was for the reasonable value of the services; and that the claim shows that it was based upon an express contract or promise of decedent to provide for plaintiff in decedent's will. In *Toney* v. *Security-First Nat. Bank, supra,* it was said (p. 165) that in *Lundberg* v. *Katz,* 44 Cal.App.2d 38, 42 [111 P.2d 917], the court stated, "in upholding a recovery upon *quantum meruit* although the claim asked compensation in an assertedly agreed sum, 'if the cause of action is substantially based upon the claim, and the estate has not been placed in a position of disadvantage as by lack of opportunity without additional expense, to pay or compromise the claim, the action may be maintained. The strict rule . . . that a claimant may recover only when the cause of action specifically follows the claim, has been modified.' " In the present case, it is true that the words "reasonable value" do not appear in the claim. The claim does state, however, that it is "For services rendered . . . at the special instance and request of decedent and upon the promise of decedent to provide for creditor in decedent's will. . . ." In the part or column of the printed claim form designated "Description of Item," no amount is stated as the amount to be provided for plaintiff in the will. In the part or column of the printed claim form designated "Amount Claimed," the amount stated is "$5,000." It thus appears that the claim does not state that the decedent promised to provide in the will that $5,000 be paid to plaintiff, but it appears that the amount "claimed" by plaintiff for the services is $5,000. Under the circumstances here, where the promise to provide for plaintiff by will was not fulfilled, the claim could reasonably be interpreted as a claim for $5,000 as the reasonable value of services rendered. The claim was a sufficient basis for the complaint under the principle discussed and established in *Tabata* v. *Murane* (1944), 24 Cal.2d 221, 229-230 [148 P.2d 605, 610].

■ Appellant also asserts that the findings as to reasonable value of services do not support the judgment. She refers first to two findings to the effect that the reasonable value of plaintiff's services was at least $1.25 per hour, and that plaintiff expended a considerable number of hours in the performance of the services. She argues to the effect that no computation as to the total value of the services can be made from

those findings, and that those findings are not informative as to the manner in which the amount of $2,800, appearing in a third finding, was determined. As indicated, the court did find that the reasonable value of all the services is $2,800. That was a finding of an ultimate fact. The finding as to the minimum value of an hour of plaintiff's services, and the finding as to an undesignated number of hours of service, were not necessary and may be disregarded. The court was not required to make findings as to the value per hour of the various services, or as to the number of hours spent in performing the various services. The finding that the reasonable value of the services is $2,800 was sufficient to support the portion of the judgment designating the amount to be recovered.

The judgment is affirmed.

Fourt, J., concurred.

BISHOP, J. pro tem.*—I concur, but wish to add that plaintiff's claim was for services rendered the decedent from October 1, 1950, until her death, at her request and upon her promise to provide for plaintiff in her will. The trial court found accordingly. The circumstance that in her complaint the plaintiff had alleged that the promise was made in October, 1954, may not be made use of to defeat the judgment in this appeal on a clerk's transcript. A variance between pleading and proof is not fatal unless the defendant was "actually misled" to her prejudice. (Code Civ. Proc., §§ 469, 470.) "Furthermore, the point of alleged variance, not having been raised at the hearing, was waived." (*Colbert* v. *Colbert*, 28 Cal.2d. 276, 281 [169 P.2d 633, 638].) And in the absence of the record of the oral proceedings, we presume that there was no objection made. (*Abner Doble Co.* v. *Keystone Consolidated Min. Co.* (1904), 145 Cal. 490, 494-495 [78 P. 1050, 1051-1052].)

A petition for a rehearing was denied January 19, 1960, and appellant's petition for a hearing by the Supreme Court was denied February 24, 1960.

---

*Assigned by Chairman of Judicial Council.